# Lummus Cotton Gin Co. v. Walker, Supt.

Petition for Intervention.

(Decided January 13, 1916. 70 South. 754.)

1. **Trusts; Constructive; Following Fund.**—Money collected by a bank for the holder of a note through his forwarding bank, and not paid to the forwarding bank by reason of intervening insolvency, could not be charged with the specific trust for the benefit of the holder on the ground that the money was to be found somewhere in the funds of the insolvent bank.

2. **Banks and Banking; Insolvency; Preference; Depositor.**—Money collected by a bank for the holder of a note through his forwarding bank, and not paid to the forwarding bank by reason of the insolvency of the collecting bank does not entitled the holder to claim an alternate preference under § 250, Constitution 1901, since the cashier's check by which the insolvent bank undertook to remit to the bank of the holder the money collected for its account though payable to the holder or his endorsee on demand, and not subject to countermand, was not a bank note, nor a note intended to circulate as money or to become a part of the common currency of the country; nor as a claim of the depositor not stipulating for interest, since a depositor generally speaking is one who delivers to or leaves with a bank money subject to his order either upon time deposits or subject to check.

3. **Banks and Banking; Deposit; Bills and Notes.**—Bills, checks, drafts, or other evidences of debt in the ordinary course of business may be accepted and credited by a bank as the equivalent of money, in which case it becomes the owner of the paper, notwithstanding it has the right to charge dishonored papers back to the depositor instead of proceeding against the maker.

4. **Same; Certified Check.**—A cashier's check issued on request of a depositor is the substantial equivalent of a certified check, and the deposit represented by the check passes to the credit of the check holder, who is thereafter a depositor to that amount.

5. **Same; Insolvency; Trust Fund; Preference.**—When an insolvent bank passes into the hands of the State Banking Department, its whole assets become, eo instanti a trust fund for the equal payment of creditors, subject only to a preference in favor of the holders of bank notes and depositors,

[Lummus Cotton-Gin Co. v. Walker, Supt.]

who had not stipulated for interest, and the holder of a note forwarded by his bank and collected by the insolvent bank, but not remitted by reason of its insolvency, could not adopt the unauthorized act of the insolvent bank in converting the collection into its general funds so as to acquire a preference over other creditors.

6. Same; Collection; Conversion.—In such a case the commingling of the proceeds of the note with the general fund of an insolvent bank was a wrongful conversion.

7. Same; Simple Contract Creditor.—In such a case the holder of the note collected was a simple contract creditor of the insolvent bank.

APPEAL from Cullman Chancery Court.

Heard before Hon. JAMES E. HORTON, JR.

Petition in intervention by the Lummus Cotton Gin Company against A. E. Walker, Superintendent of Banks of Alabama, administering the affairs of the insolvent German Bank of Cullman, to establish a claim as a preferred creditor. Relief denied, and petitioner appeals. Affirmed.

A. E. Walker, as State Superintendent of Banks, filed his petition against the German Bank of Cullman for instructions, guidance, and direction by the chancery court in the administration and liquidation of the assets of said bank under the act creating the office of State Bank Examiner and defining his powers and duties. An order was entered declaring the bank insolvent and authorizing the Superintendent of Banks to take charge of the assets and make such disposition of them as to him seemed right and proper. Pending the administration, the Lummus Cotton Gin Company intervened and set up that the petitioner owned a promissory note made by R. Elrod amounting to $805.70, due November 15, 1914, and payable at said German Bank of Cullman. That petitioners indorsed same to the Third National Bank of Columbus, Ga., for collection, and the note was duly forwarded by said national bank through its correspondent and reached the German Bank of Cullman on or before November 14, 1914, and on November 16, 1914, the said Elrod paid said note to said German Bank in cash, and on November 17, 1914, said German Bank remitted said amount to said Third National Bank of Columbus, Ga., its cashier's check No. 2818, and signed by its assistant cashier; that this check was in due course received by said National Bank of Columbus, and immediately forwarded for collection through its correspondent bank of Birmingham, and was by it returned with the information that said German Bank of Cullman had closed its doors and its assets had

been taken possession of by the State Banking Department. Instructions are averred as to remitting New York Exchange, and its violation by the German Bank of Cullman; and that if it had been remitted by New York Exchange it could have been collected through the New York bank before the said German Bank closed its doors. It is then alleged that the sum collected by said German Bank was and became a trust fund for the payment of the said Elrod note to it. The prayer is that a trust be declared in favor of petitioner, or that it be declared a preferred creditor. From an order denying the relief prayed, petitioner appeals. Affirmed.

STEINER, CRUM & WEIL, and GEORGE H. PARKER, for appellant. EYSTER & EYSTER, for appellee.

SAYRE, J.— (1) There is no occasion for a particular discussion of appellant's claim that any funds, much or little, in the possession of the insolvent bank at the time appellee took over the affairs of the bank under authority of the statute, should be charged with a specific trust for appellant's benefit on the ground that the money collected for appellant was to be found somewhere in those funds which at that time constituted a part of the general estate of the bank. That question has been foreclosed against appellant by the reason and authority of cases heretofore considered in this court.—*Bank of Florence v. U. S. Savings & Loan Co.,* 104 Ala. 297, 16 South. 110; *Nixon State Bank v. First State Bank,* 180 Ala. 291, 60 South. 868.

(2) But appellant claimed by way of alternative a preference under section 250 of the Constitution as the holder of a bank note or as a depositor who had not stipulated for interest.

That the cashier's check by which the insolvent bank undertook to transmit to appellant the money collected for its account, though in legal effect payable to appellant or its indorsee on demand and not subject to countermand, was not a "bank note" within the meaning of the constitutional provision, is clear. Without reference to the fact that it was not made to appear that the insolvent bank had qualified itself to issue "bills for circulation" as required by section 248 of the Constitution, it is enough to say in this connection that, patently, this cashier's check was not intended to circulate as money or to become a part of the common currency of the country to be used in the ordinary trans-

actions of business, and was therefore not a bank note.—2 Michie, Banks and Banking, § 196, et seq.

(3-7) Nor was appellant a depositor. A "depositor," speaking generally, is one who delivers to or leaves with a bank money subject to his order, either upon time deposit or subject to check. —2 Michie, § 119. Of course, bills, checks, drafts, or other evidences of debt in the ordinary course of business may be accepted and credited by a bank as the equivalent of money, in which case ordinarily the bank becomes the owner of the paper. This is the rule although the bank has the right to charge dishonored paper back to the depositor instead of proceeding against the maker.—Michie, § 127, and cases shown by the notes. A cashier's check issued on request of a depositor is the substantial equivalent of a certified check, and the deposit represented by the check passes to the credit of the checkholder, who is thereafter a depositor to that amount.—Id., §§ 143½, 145 (1-6). If appellant had requested a cashier's check, no doubt it would thereby have become a depositor. But that was not the case. Appellant through its agent sent Elrod's promissory note to the German Bank for collection, with instruction to remit by New York Exchange, and upon receipt of the check immediately sent it back for collection through a bank in Birmingham. In the meantime the German Bank had gone into the hands of the Banking Department of the state for liquidation. There is no question but that appellant might have maintained its action for money had and received at any time after collection by the German Bank. But here the question is one of preference between the creditor's of the bank. Their status was fixed when the department took charge, and it does not stand to reason that appellant should be allowed, after the affairs of the bank had passed into the hands of the state's receiver, to adopt the previously unauthorized act of the bank in converting the collection into its general fund and so acquire a preference over other creditors. Eo instanti the bank passed into the hands of the department, its whole assets became a trust fund for the equal payment of creditors, subject only to a preference in favor of the holders of bank note and depositors who had not stipulated for interest. It appears from the facts stated in the petition for intervention, and established by the agreement between the parties, that appellant did not deposit or leave money or its equivalent with the German Bank to be drawn out on its order. It sent its note for col-

[Stouts Mountain Coal & Coke Co., et al. v. Pollak.]

lection by the bank as its agent (or the agent of the forwarding bank) with instructions that excluded the idea of a deposit of the proceeds. The collecting bank held the proceeds as an agent or bailee with special and limited authority, and its commingling of them with its general fund, which may be presumed, was nothing more or less than a wrongful conversion, and, since appellant's money is incapable of being identified or traced, constituted appellant a mere simple contract creditor of its agent or bailee, the bank. Appellant was not a "depositor" under the Constitution, which means to prefer those who place their money on deposit for safe-keeping, to be paid out upon their checks or drafts.—*Parkesburg, Bank's Appeal,* 6 Wkly. Notes Cas. 394; *State v. Corning State Bank,* 136 Iowa 79, 113 N. W. 500; *State Savings Bank of Detroit v. Foster,* 118 Mich. 268, 76 N. W. 499, 42 L. R. A. 404.

The decree sustaining the demurrer and dismissing the intervention is affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.