(85 South. 752)

**GREEN, Superintendent of Banks, v. Mc-CORD.** (5 Div. 748.)

(Supreme Court of Alabama.   June 10, 1920.)

**1. Banks and banking ⬤�top135—Pleadings held not to show set-off not available against note.**

Where a complaint did not show that the plaintiff superintendent of banks had taken over the bank's assets for liquidation under the statute, prior to the accrual of the defendant's demand in set-off, there is .nothing on the face of the pleadings to show that such claim is not available as a set-off on the note sued on by the superintendent of banks.

**2. Limitation of actions ⬤�top41—Claim disallowed by superintendent of banks available as set-off, though no action begun in six months.**

Banking Law, § 10, providing that when creditors' claim against a bank in liquidation has been filed and disallowed by the superintendent of banks, and notice thereof served upon claimant, an action thereon must be brought by petition to court having jurisdiction of the bank's affairs within six months after such service, is a statute of limitation operating upon any independent action by the claimant, but under Code 1907, § 5863, such a claim is available as a set-off, unless action thereon was barred when plaintiff's cause of action accrued, and a replication, setting up the statute is bad on demurrer, when it appears from the complaint and plea that the bar was not thus complete.

**3. Pleading ⬤�top8(11)—Pleading that defendant became owner of note held conclusion.**

In an action on a note, where there was a plea of set-off, an allegation that defendant became the owner of his own note, that his claim against the plaintiff's bank was thereby settled and discharged, *held* a conclusion of the pleader.

**4. Estoppel ⬤�top11 — Judgment ⬤�top949(1)—Plea of estoppel by former proceedings should set out all pleadings.**

A replication to show estoppel by pleadings and judgment in another suit between the parties should set out the serial pleadings in such case, so that issues therein may appear, and their relation to the present case be determined by the court, and the mere setting out of defendant's rejoinder to plaintiff's special replications is insufficient, where the substance of antecedent pleadings was omitted.

**5. Pleading ⬤�top216(3) — Judgment over on cross-claim could not be had against statutory receiver.**

In an action by superintendent of banks to recover on a note to a bank in liquidation, a demurrer, assailing a set-off generally, could not reach objection that the claim could not result in judgment over against superintendent by reason of Banking Law, § 10, requiring claims to be presented in court having jurisdiction of bank.

Appeal from Circuit Court, Coosa County; E. J. Garrison, Judge.

Assumpsit by D. F. Green, as Superintendant of Banks, liquidating the Farmers' & Merchants' Bank of Goodwater, against Z. D. McCord.   Judgment for defendant, and plaintiff appeals.   Affirmed.

The action is upon certain promissory notes, executed by the defendant, and payable on demand to the Farmers' & Merchants' Bank of Goodwater, aggregating with interest and attorney's fees something more than $1,500.   The action was filed March 7, 1918, and it is alleged that defendant had failed to pay, or had refused to pay, a note on demand.   The complaint does not show when said bank was taken over for liquidation by the superintendent of banks, nor does it allege the fact at all.   On June 22, 1918, the defendant filed several special pleas, plea 2 being as follows:

That at the time the said action was commenced the plaintiff was indebted to him in the sum of $4,500 by note made by the Farmers' & Merchants' Bank, of Goodwater, to First National Bank of Birmingham, Ala., for $5,000, dated the 19th day of December, 1917, and payable on the 1st day of February, 1918, which the defendant indorsed as security for the Farmers' & Merchants' Bank at the time of its execution, and which defendant has since paid, and of which said, note the defendant is the owner at the time said action was commenced, and upon which, at the time the defendant became the owner thereof, there was due and unpaid a balance of $4,500, which defendant hereby offers to set off against the demand of the plaintiff, and he claims judgment for the excess.

Plea 3 was identical with plea 2, with the exception that the sum of $2,900, instead of $4,500, was the amount due on the set-off note.

The following grounds of demurrer, substantially, were interposed to the pleas: First, because the pleas do not show that the defendant was the owner of said claim, at the time the said Farmers' & Merchants' Bank was placed in the hands of the state superintendent; second, because it is not shown that said claim has been filed or presented to the superintendent of banks, and by him allowed, as required by section 10, p. 50, Acts 1911; third, because this court has no jurisdiction to render a judgment over against the plaintiff.

The demurrers were overruled, and on January 12, 1920, plaintiff files special replications 2, 3, and 4.   Replication 2 alleges that the said bank went into the hands of the superintendent of banks on January 24, 1918, who proceeds with the liquidation thereof, and defendant files his said claim, now presented as a set-off, with said superintendent, who rejected it .and notified defendant of such rejection, and defendant did not bring any action on the claim within six

months after such notice, as is required by the banking laws, wherefore said claim is barred and is invalid, and was not a valid claim at the commencement of this suit. Replication 3 alleges that, at the time the defendant indorsed the said note to the First National Bank of Birmingham for the said $5,000, the said Farmers' & Merchants' Bank held a note against this defendant for the sum of $5,000, which note, together with other notes, was deposited in said bank as collateral securities so indorsed by the defendant; that when the defendant paid off said note to the First National Bank, which he had indorsed, he thereby became the owner of the said $5,000 note which he had given to the Farmers' & Merchants' Bank of Goodwater, which amount of said note was more than the amount paid by the defendant to the First National Bank of Birmingham on the note that he had indorsed, and hence the amount paid by tne defendant was and is settled and discharged by the amount due by the defendant on said $5,000 note, taken up by him as such indorsement, and the defendant has no valid claim for the amount so paid to the First National Bank of Birmingham.

Replication 4 alleges that on December 19, 1917, defendant executed his note for $5,000 to said Farmers' & Merchants' Bank, and on May 20, 1918, plaintiff's official predecessor filed suit on said note, to which defendant appeared and pleaded as a rejoinder to plaintiff's replication No. 2 certain facts, which it is alleged show an estoppel of record to now use as a set-off the matter specially pleaded herein. Demurrers were sustained to these replications, whereupon plaintiff took nonsuit and appeals.

George A. Sorrell, of Alexander City, for appellant.

The debtor had notice of insolvency, or of the appointment of a receiver, and cannot set off the claims subsequently acquired. 176 Ala. 48, 57 South. 483. The liability was contingent, and not available as a set-off. 65 Ala. 436. There can be no set-off, where plaintiff has no cause of action. 124 Ala. 455, 27 South. 518. The claim is barred by failure to take the steps required by section 10, p. 63, Acts 1911. 83 Ala. 420, 3 South. 779; 111 Ala. 529, 20 South. 362.

James W. Strother, of Dadeville, and John A. Darden, of Goodwater, for appellee.

In the appeal in this case appellant is confined to the ruling superinducing the nonsuit. 167 Ala. 117, 52 South. 397. The claim was not barred under section 5858, Code 1907, nor was it barred by the statute of limitations. 83 Ala. 420, 3 South. 779; 88 Ala. 300, 7 South. 150; 124 Ala. 181, 27 South. 556; section 5863, Code 1907. The replica-

tion constituted a departure from the complaint and was demurrable. 165 Ala. 436, 51 South. 779. The replication failed to show a compliance by the superintendent of banks with the statute in reference to claim against insolvent banks. Acts 1911, pp. 62 and 63. The suit is in the individual capacity, and not in a representative capacity. 137 Ala. 492, 34 South. 562; 106 Ala. 458, 17 South. 629.

SOMERVILLE, J. In the case of Oates v. Smith, 176 Ala. 39, 57 South. 438, it was held that a debtor of an insolvent state bank cannot set off against his debt a claim acquired by him subsequent to the initiation of the receivership. Whether that doctrine would be applicable to a case where, though the debtor's right of action on his cross-claim accrued after the receivership began, it was nevertheless founded upon a contractual obligation imposing a contingent liability, which antedated the receivership, we need not now determine.

[1] So far as the present case is concerned, in the absence of appropriate allegation in the complaint showing that the Farmers' & Merchants' Bank has been taken over by the superintendent of banks for the purpose of liquidation under the statute, and that this occurred prior to the accrual of defendant's demand in set-off as shown by his special pleas 2 and 3, there is nothing on the face of the pleadings to show that defendant's asserted claim is not available as a set-off against the note sued on. The demurrers to these pleas were therefore properly overruled.

[2] In section 10 of the Banking Law of Alabama (Gen. Acts 1911, p. 63) it is provided that when a creditor's claim against a bank in liquidation has been filed with the superintendent of banks, and by him disallowed, and notice therof served upon the claimant, "an action upon a claim so rejected must be brought by petition to the court having jurisdiction of the affairs of the bank by the claimant within six months after such service, or the same shall be barred." This is a statute of limitation, which operates upon any independent action by the claimant. But, under section 5863 of the Code, such a claim is available as a set-off unless action thereon was barred when the plaintiff's cause of action accrued; and a replication setting up the statute is bad on demurrer when it appears from the complaint and plea that the bar was not thus complete. Jeffries v. Castleman, 75 Ala. 262; Riley v. Stallworth, 56 Ala. 481. On this principle the demurrer to replication No. 2 was properly sustained.

[3] Without discussing in detail the effect of the transactions and conditions disclosed by the allegations of replication No. 3, it will suffice for present purposes to say that

they do not show as a matter of law that defendant's claim, based upon his payment of the note to the Birmingham Bank upon which he was an indorser, was canceled and discharged by the mere fact that the Birmingham Bank held his own note for an equal amount, which was executed by him to the Farmers', etc., Bank, and by it transferred along with other notes, as collateral security for the note paid by defendant. The allegation that defendant became thereby the owner of his own note, and that his claim against the Farmers', etc., Bank was thereby settled and discharged, is a mere conclusion of the pleader, and is not supported by the facts shown. This replication was therefore subject to the demurrer.

[4] Replication No. 4 is insufficient as an attempt to show an estoppel by the pleadings and judgment in another suit between these parties. The replication should set out all of the serial pleadings in that case in order that the issues therein may appear, and their relation to the present case be determined by the court. To set out merely the defendant's rejoinder "to the plaintiff's special replication No. 2, to plea A," is obviously not sufficient; the substance of the antecedent pleadings not being shown. Each of the replications being subject to demurrer, the assignment of error in this behalf, viz. that "the court erred in sustaining the defendant's demurrer to the plaintiff's replications," must be overruled.

[5] We do not overlook plaintiff's contention, presented by demurrer to the pleas of set-off, that, under the provision in section 9 of the Banking Laws, which requires an action on a rejected claim to be brought "by petition to the court having jurisdiction of the affairs of the bank," the defendant cannot have a judgment over against the superintendent of banks in the action here prosecuted by him as a statutory receiver. That demurrer was, however, directed to the plea of set-off generally, whereas it should have been limited to its function as a cross-claim for a judgment over. The demurrer was therefore too broad, and was for that technical reason properly overruled. The question of defendant's right to a judgment over against the plaintiff, who sues in a representative capacity, is therefore not before us upon its merits, and need not be now determined.

A part of the subject-matter of this case is involved also in another case between the same parties. D. F. Green, as Superintendent, etc., v. Z. D. McCord (5 Div. 734) 85 South. 750.[1] We refer to that case here merely for the purpose of saying that our rulings in the two cases are in perfect accord, having regard for differences in the pleadings.

Finding no error in the record, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.

<hr>

⟷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 356.