(87 South. 356)

### STANLEY v. GREEN, Superintendent of Banks. (5 Div. 772.)

(Supreme Court of Alabama. Dec. 10, 1920. Rehearing Denied Jan. 20, 1921.)

Banks and banking ⊜‑80(5) — Failing bank may not pay depositor's check in exchange for moneys on deposit, having reason to believe that the exchange will not be paid, and where exchange dishonored depositor paying payee of check has rights of unsecured depositor.

A bank in failing condition may not on its own motion pay in exchange a depositor's check drawn against it for moneys on deposit and subject to check, when by reason of its insolvency at the time of the issue of the exchange the bank had reason to believe the exchange would not be paid; and, where the draft or cashier's check so issued was not paid upon due presentment, because of the failure of the drawing bank before the exchange reached the bank on which it was drawn, and the payee demanded and was paid by the depositor after such dishonor, the depositor was restored to his original position as depositor, and entitled to the rights of an unsecured depositor under Const. 1901, § 250.

Appeal from Circuit Court, Chilton County; B. K. McMorris, Judge.

Petition by J. J. Stanley against D. F. Green, as Superintendent of Banks, for an order requiring such superintendent, to pay petitioner, as a depositor who had not stipulated for interest. From a decree sustaining demurrers to the petition, petitioner appeals. Affirmed.

F. B. Collier, of Yreka, Cal., for appellant.

A bank in a failing condition has no authority to pay a check drawn by a depositor in anything except money, and the New York exchange drawn in this case not having been paid, the check was never paid, and Stanley & Co. were thereupon restored to their original position as a depositor. 195 Ala. 552, 70 South. 754; 166 Ala. 86, 52 South. 329; 201 Ala. 189, 77 South. 715; 114 Ala. 264, 21 South. 1011, 62 Am. St. Rep. 99; 109 Ala. 326, 19 South. 860; 89 Ala. 493, 7 South. 810; 7 C. J. 681. Deposits shown by the books of a bank are prima facie proven claims against the bank. Acts 1911, p. 63; section 250, Const., as amended.

Lawrence F. Gerald, of Clanton, for appellee.

Under the facts in this case, Stanley was a simple contract creditor, and not a creditor entitled to preference, under section 250 of the Constitution. 195 Ala. 552, 70 South. 754; 201 Ala. 189, 77 South. 715. The claim was not presented as required. Acts 1911, p. p. 50.

THOMAS, J. A bill, in equity, against the superintendent of banks, to compel payment to a depositor who has not stipulated for interest.

A bank in failing condition may not, on its own motion, pay in exchange a depositor's check drawn against it for moneys on deposit and subject to check, when by reason of its insolvency at the time of the issue of the exchange the bank had reason to believe the exchange would not be paid. It not being paid on due presentment, the payee demanding and being paid by the drawer of the check after dishonor of the exchange issued in lieu thereof, such nonpayment of the exchange issued without authority, as between the depositor and such bank, the former was restored to his original position as depositor, and entitled to the rights of an unsecured depositor. Section 250, Const.; Walker, Supt. of Banks, v. Sellers, 201 Ala. 189, 77 South. 715; Lummus Cotton Gin. Co. v. Walker, 195 Ala. 552, 70 South. 754.

It is averred in the bill that J. J. Stanley & Co., a depositor in the Union State Bank, was indebted to Peters Shoe Company for $85.79, and to pay this indebtedness issued its check on said bank payable to that company for the amount due, and sent the same to the payee. It is averred that when said check reached the bank for payment "New York exchange was issued in payment thereof to the First National Bank of Birmingham, Ala., through which bank said check was forwarded to said Union State Bank for payment," the said Union State Bank, though insolvent, charged said amount against the deposit of J. J. Stanley & Co., on the books of said bank, and stamped across the face of the check, "Paid, January 18, 1916, Union State Bank, Thorsby, Alabama," and said check was later turned over to J. J. Stanley & Co.; that the New York exchange so issued by the bank in lieu of the check was never paid, by reason of the failure of the bank before the exchange reached the bank on which it was drawn; that the Peters Shoe Company required and demanded of J. J. Stanley & Co. the payment of said check on failure to collect the exchange issued thereon; and that J. J. Stanley & Co. "did pay said amount to" the Peters Shoe Company. It is further averred that J. J. Stanley & Co. were "depositors for the amount of said check, so long as the same remained unpaid, and that said check for $85.79 remains unpaid to this date," that all depositors of

---

the bank who had not stipulated for interest had been paid in full, and that the superintendent of banks had a sufficient sum of money with which to pay petitioner's claim of $85.79, but has failed and refused so to do.

Being insolvent, when J. J. Stanley & Co's. check to the shoe company was presented for payment, the Union State Bank had no authority to issue its cashier's check in the payment of its depositor's check, unless specifically authorized to do so, and it is averred that they were not duly authorized to pay in exchange rather than in money. 7 Corp. Jur. 681. In Watt v. Gans & Co., 114 Ala. 264, 273, 21 South. 1011, 62 Am. St. Rep. 99, it was declared that, in the absence of an agreement to the contrary, a check or promissory note, of the debtor or a third person, received for a debt, is merely a conditional payment. Jefferson County Savings Bank v. Hendrix, 147 Ala. 670, 677, 39 South. 295, 1 L. R. A. (N. S.) 246; Lowenstein v. Bresler, 109 Ala. 326, 328, 19 South. 860. And in Steiner & Lobman v. Jeffries et al., 118 Ala. 573, 581, 24 South. 37, 39, it was declared that:

"The giving of the debtor's own note or bill, in payment or discharge of a pre-existing debt, does not operate to discharge" the same, unless accepted in absolute payment; that, primarily, payment must be made in money, and when one "gives a check for a pre-existing debt, the presumption of law is that it is to operate as a payment only when it is cashed, and if the party giving the check insists that it was in payment of the debt, he must overcome this legal presumption or intendment, by evidence as full and satisfactory as is required to establish the payment or satisfaction of an admitted debt or demand."

The First National Bank of Birmingham, acting for the Peters Shoe Company, received the New York exchange of the Union State Bank as a conditional payment of the check drawn against the latter bank by J. J. Stanley & Co. in favor of the shoe company, and discharged its duty by making due presentment of the New York exchange so sent it by Union State Bank. Due presentment and refusal of payment averred by the bill are sufficient to restore the parties to their original position. That is to say, the shoe company had the right to demand from the Union State Bank the check for which the exchange was issued, and, having this right, to call upon the drawer, their debtor J. J. Stanley & Co., for payment of the original debt for which the check on said Union State Bank was issued. The bill avers this was done, and that J. J. Stanley & Co. paid the original indebtedness, and the exchange was withdrawn as a claim against the bank, being liquidated by the defendant superintendent of banks.

Inasmuch as the exchange was not paid after due presentment, the bank on which the check was drawn still owed J. J. Stanley & Co. as a depositor who had not stipulated for interest, or Peters Shoe Company. The instant case is distinguished from that of Walker, Supt. of Banks, v. Sellers, supra, where it was pointed out that the petition failed to show who charged the check back to petitioner, and that this could only have been done by the payee therein. The dishonor of the instant exchange, the fact that the payee company had required and demanded of J. J. Stanley & Co. payment of the amount of the depositor's check to them on failure to collect the exchange, and that petitioner did pay said amount to said payee, are properly averred.

Whether or not the claim was presented to the superintendent of banks, as required by law and by the order of that official governing such matter (Gen. Acts 1911, § 10, p. 50 et seq.; Green, Supt., v. McCord, 85 South. 752[1]) is not disclosed by the averments of the bill. Construing the bill most strongly against the pleader, it results from the failure of averment of due presentment that the *sixth ground of demurrer, that the claim sought to be enforced is barred by the laches of the complainant, was properly sustained.*

The decree of the circuit court in equity is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.