(95 South. 274)

JONES v. MERCHANTS' BANK OF MONT-GOMERY.   (3 Div. 581.)

(Supreme Court of Alabama.   Jan. 18, 1923.)

Banks and banking ⬦═80(4)—Payments to apply on notes not sufficiently identified as passing to liquidating officer to impress as trust fund.

Where a bank made loan to a customer, taking notes therefor, which were placed with its depositary as collateral security for the bank's indebtedness to the depositary, and prior to maturity of the notes, and without notice of their transfer, the customer made partial payment on them, which payment was never remitted to the depositary, but credited on the bills receivable account on the bank's book, and thereafter the bank became insolvent, in the customer's petition to have the payments repaid as a preferred claim against the bank, where the aggregate balance in the bank's custody exceeded the sum of the payments, they were not sufficiently identified as among assets passing to the liquidating officer to impress as a trust fund.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Petition of R. R. Jones to have declared and enforced a trust fund in his favor out of the funds of the Merchants' Bank of Montgomery, the affairs and estate of which are being administered by the circuit court of Montgomery county, in equity. From a decree denying relief, petitioner appeals. Affirmed.

Holloway & Hill, of Montgomery, for appellant.

In using deposits made for the purpose of having them applied to a particular purpose, the bank acts as the agent of the depositor, and, if it should fail to apply it at all, or should misapply it, it can be recovered as a trust deposit. 7 C. J. 632; 30 Kan. 156, 1 Pac. 499, 46 Am. Rep. 90; 31 Kan. 107, 1 Pac. 237; 96 N. Y. 32; 145 Ala. 196, 41 South. 143; 114 Miss. 363, 75 South. 131, L. R. A. 1918A, 61, Ann. Cas. 1918B, 388; 59 Fla. 462, 51 South. 929; 75 Wash. 171, 134 Pac. 808, 47 L. R. A. (N. S.) 317;

157 N. C. 429, 72 S. E. 1072, 37 L. R. A. (N. S.) 847; (Mo. App.) 183 S. W. 648. So long as trust property can be traced and followed, the property into which it has been converted remains subject to the trust, and if one mixes trust funds with his own, the whole will be treated as trust property, except so far as he may be able to distinguish what is his. 145 Ala. 196, 41 South. 143; 104 U. S. 54, 26 L. Ed. 693; 155 U. S. 556, 15 Sup. Ct. 221, 39 L. Ed. 259; 100 Ala. 313, 13 South. 908; 200 Ala. 329, 76 South. 95; 192 Ala. 235, 68 South. 874; 163 N. W. 184; 234 Fed. 613, 148 C. C. A. 379; 109 Me. 109, 82 Atl. 1008; 12 Wash. 538, 41 Pac. 892; 112 Cal. 598, 44 Pac. 1063, 32 L. R. A. 479, 53 Am. St. Rep. 228; 41 Ind. App. 474, 83 N. E. 515; 104 Ark. 550, 149 S. W. 514; 147 Iowa, 640, 126 N. W. 779, 30 L. R. A. (N. S.) 517, 140 Am. St. Rep. 336; 153 Iowa, 289, 133 . N. W. 669; 51 Kan. 87, 32 Pac. 658, 37 Am. St. Rep. 263; 80 Iowa, 497, 45 South. 908; (C. C.) 62 Fed. 958; 104 U. S. 54, 26 L. Ed. 693; 49 Neb. 786, 69 N. W. 115, 59 Am. St. Rep. 572; 170 Fed. 427, 95 C. C. A. 597; 66 Wis. 401, 28 N. W. 173, 57 Am. Rep. 287; 157 Fed. 49, 84 C. C. A. 553, 15 L. R. A. (N. S.) 1100; 137 U. S. 411, 11 Sup. Ct. 118, 34 L. Ed. 724; 96 N. Y. 32. Where money is placed for a special purpose in a bank, which afterwards goes into the hands of a receiver, although the identical money cannot be traced into the hands of the receiver, nevertheless the trust fund is recoverable, where an equal amount in cash remained continuously in the bank until the bank went into the hands of the receiver. 133 U. S. 670, 10 Sup. Ct. 354, 33 L. Ed. 696; 150 Fed. 266, 80 C. C. A. 154; (C. C.) 67 Fed. 27; 5 S. D. 221, 58 N. W. 561, 25 L. R. A. 309, 49 Am. St. Rep. 869; 75 Wash. 171, 134 Pac. 808, 47 L. R. A. (N. S.) 317; (D. C.) 152 Fed. 763; (D. C.) 178 Fed. 472; 88 Mo. 514; 69 Tex. 489, 6 S. W. 802, 5 Am. St. Rep. 85; 61 Fed. 491, 9 C. C. A. 582, 17 U. S. App. 502.

Steiner, Crum & Weil, of Montgomery, for appellee.

The funds of the bank were in no manner augmented by the checks drawn by petitioner and his wife on the bank itself, and the payments claimed were not payments in such sense as would justify a court of equity in enforcing a trust in favor of petitioner. 88 Fed. 375, 31 C. C. A. 562; 111 Wash. 624, 191 Pac. 788, 17 A. L. R. 192; 194 Fed. 593, 114 C. C. A. 435; 56 Fed. 759, 6 C. C. A. 108; 178 Fed. 423, 101 C. C. A. 634. To follow misapplied moneys as trust funds into the hands of a representative of an insolvent's estate, there must be particular identification and distinguishment of trust property. 104 Ala. 301, 16 South. 110; 178 Fed. 422, 101 C. C. A. 634; 180 Ala. 291, 60 South. 868; 195 Ala. 552, 70 South. 754; 95 Ala. 221, 11 South. 347; 100 Ala. 313, 13 South. 908.

McCLELLAN, J. The Merchants' Bank of Montgomery is being liquidated by the State Superintendent of Banks. The institution did a general banking business up to December, 23, 1921, when financial embarrassment caused it to cease business. The petitioner, appellant, seeks to have the liquidating officer pay, as a preferred, prior claim, to the petitioner or the Chemical National Bank of New York, $2,600 out of the assets of the institution in the superintendent's charge. So far as is now necessary to state them, the circumstances upon which petitioner rests the action or relief he seeks are these: On October 8, 1921, the Merchants' Bank loaned petitioner $8,000, for a period of three months, taking his note therefor. On October 11, 1921, petitioner's note was placed with the Chemical Bank as collateral security for the Merchants' Bank's indebtedness to the Chemical Bank. On December 17, 1921—prior to the maturity of petitioner's note, and without notice or knowledge on the part of petitioner of the note's transfer to the Chemical Bank— petitioner gave the Merchants' Bank two checks, aggregating $2,600, drawn on the deposit and savings accounts of petitioner and of his wife in the Merchants' Bank, as payment pro tanto on petitioner's note; but this $2,600 was never remitted to the Chemical National Bank by the Merchants' Bank, that sum being, on December 17, 1921, but *credited* on bills receivable account on the books of the Merchants' Bank. The petitioner sought to have the sum of $2,600, so evidenced, characterized as a trust fund in the hands of the Merchants' Bank, and to have a primary, preferred lien or charge imposed upon the assets of the Merchants' Bank, in the hands of the liquidating official, to the extent of the stated sum, viz. $2,600. The court below denied the particular relief sought, and defined the petitioner's status to be that of a general creditor of the Merchants' Bank.

Apart from other considerations that might conduce to the affirmance of the decretal order under review, it will suffice to say—in accordance with the authority of Nixon State Bank v. First State Bank, 180 Ala. 291, 60 South. 868, Bank of Florence v. U. S. Savings Co., 104 Ala. 297, 16 South. 110, and Lummus Cotton Gin Co. v. Walker, 195 Ala. 552, 70 South. 754—that there is afforded by this record no evidence identifying, with requisite precision, the $2,600 in question as among the assets of the Merchants' Bank passing into the hands of the liquidating officer, a measure of designation that is essential to recourse to the trust-fund doctrine that was considered and stated in Bank of Florence v. U. S. Savings Co., 104 Ala. 297, 16 South. 110, and that has been followed and correctly

applied in subsequently delivered decisions. It is hardly necessary to repeat that the fact that the aggregate balance or fund in the bank's custody at all times (until the institution was closed) exceeded the sum in question ($2,600) does not serve the purpose of identification within the purview of the pertinent rule. Smith v. Montgomery, Supt. of Banks, post, p. 100, 95 South. 290.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.