## CAUSEY *v.* EILAND.

### Opinion delivered January 9, 1928.

1. BANKS AND BANKING—CERTIFICATION OF CHECK.—A certified check is the equivalent of acceptance, and by it the funds of the drawer are, in legal contemplation, withdrawn from his credit and appropriated to the payment of the check, and the bank becomes the debtor to the holder, and is absolutely liable to pay the check when presented.

2. BILLS AND NOTES—BONA-FIDE HOLDER OF CERTIFIED CHECK.—Where the fraudulent seller of a stock of merchandise received a certified check therefor, and deposited it indorsed in blank in another bank having no knowledge of the fraud, with directions to credit part of the amount on a note due to a third party and deposit the remainder to the seller's account, the latter bank became the absolute owner of the check as a *bona fide* holder, and a subsequent garnishment against the seller could not affect the rights of the bank to enforce the check.

3. BANKS AND BANKING—NATURE OF CASHIER'S CHECK.—A cashier's check is a bill of exchange drawn by the bank on itself, and accepted by the act of issuance, and there is no right of countermand.

Appeal from Searcy Chancery Court; *Sam Williams,* Chancellor; affirmed.

#### STATEMENT OF FACTS.

O. C. Eiland brought this suit in equity against O. G. Nichols to foreclose a mortgage on a stock of drugs and fixtures to secure the payment of three notes of $1,000 each and the accrued interest, all of which were overdue. Writs of garnishment were also sued out against the Bank of Swifton at Swifton, Arkansas, and the American Exchange Bank of Leslie, Arkansas. The Bank of Swifton answered the writ of garnishment, and asked directions as to whom it should pay the amount of a certified check issued by it to O. G. Nichols in the sum of $3,500. The American Exchange Bank of Leslie filed its answer to the writ of garnishment, and admitted that the certified check in question had been indorsed to it by O. G. Nichols and that it had credited the amount of said check partly to Nichols and partly to William Ashley.

The material facts raising the issues involved in this appeal may be briefly stated as follows: On February 22, 1926, O. G. Nichols entered into a contract with G. A. Causey and others for the sale of a stock of drugs owned by him in the town of Swifton, Arkansas, for the sum of $2,527.47. On the 26th day of February, 1926, G. A. Causey gave his check to O. G. Nichols for $2,527.47 in payment of the purchase price of said stock of drugs. On the same day the Bank of Swifton issued to O. G. Nichols its cashier's check for $3,500, which included the purchase price of said stock of drugs. Nichols did not tell the purchasers of the stock of drugs that he was indebted to O. C. Eiland for the purchase price of the same, or that he owed any other debts, except a few small bills.

On the first day of March, 1926, O. G. Nichols deposited cashier's check in the American Exchange Bank of Leslie, indorsed in blank by him. According to the testimony of Roy Hudspeth, cashier of the bank, Nichols and William Ashley came into the bank with a cashier's check on the Bank of Swifton for $3,500. Nichols directed that $500 of this amount should be credited to him and that the sum of $3,000 should be deposited to the credit of William Ashley. Ashley had been a former employee of the bank, and went back to a box in the bank and got out a note owed him by Nichols and credited the sum of $3,000 on it. The cashier thinks he gave a deposit slip to William Ashley and also gave Nichols a deposit slip for $500.

According to the testimony of William Ashley, Nichols told him that he wanted to pay him $3,000 on a note for $4,500, which had been given to him by Nichols for money borrowed from him by Nichols. Nichols indorsed the cashier's check in his favor on the Bank of Swifton for $3,500 and gave it to the cashier of the American Exchange Bank. Pursuant to the directions of Nichols, $3,000 of this amount was credited on the $4,500 note of Nichols to Ashley, and $500 was credited to the individual account of Nichols. The testimony of Ashley was corroborated by O. G. Nichols.

The cashier's check and the indorsements thereon are as follows:

"Bank of Swifton, No. 3796.

"Swifton, Arkansas, 2-26-26.

"Pay to the order of Mr. O. G. Nichols, $3,500, exactly thirty-five hundred dollars ($3,500).

Signed "W. D. Morgan, Cashier."

"(Cashier's check).

Indorsements: "O. G. Nichols. Pay to order any bank or banker or trust company, March 1, 1926. Signed American Exchange Bank, Leslie, Arkansas.

"Pay to order of any bank, banker or trust company, March 3, 1926. Grand Avenue National Bank, St. Louis, Missouri.

"Pay to order of Little Rock Clearing House, prior indorsements guaranteed. Signed Federal Trust Company, Little Rock, Arkansas, March 4, 1926.

"Pay to order any bank, banker, or trust company. Little Rock Clearing House."

Other facts will be stated or referred to in the opinion.

The chancellor found the issues in favor of the garnishees, and dismissed the garnishments against them. To reverse the decree in this respect G. A. Causey and others have duly prosecuted an appeal to this court.

*Ira J Mack* and *Boyce & Stayton,* for appellant.

*D. T. Cotton,* for appellee.

HART, C. J., (after stating the facts). The decree of the chancellor was correct. The rule governing the liability of a bank on a certified check has been clearly stated by the Supreme Court of Alabama as follows:

"A certified check has a distinctive character as a species of commercial paper, the certification constituting a new contract between the holder and the certifying bank; the funds of the drawer are, in legal contemplation, withdrawn from his credit and appropriated to the payment of the check, and the bank becomes the debtor of the holder as for money paid and received." *National Bank* v. *Miller,* 77 Ala. 168, 54 Am. Rep. 50.

This view of the effect of a cashier's check has been adopted by this court in *Merchants' & Planters' Bank of Camden* v. *New First National Bank of Columbus, Ohio,* 116 Ark. 1, 170 S. W. 852, Ann. Cas. 1917A 944. In that case the court quoted from an opinion of the Supreme Court of the United States in *Merchants' Bank* v. *State Bank,* 10 Wall. (U. S.) 604, 19 L. ed. 1008, the following.

"By the law merchant of this country the certificate of the bank that a check is good is equivalent to acceptance. It implies that the check is drawn upon sufficient funds in the hands of the drawee, that they have been set apart for its satisfaction, and that they shall be so applied whenever the check is presented for payment. It is an undertaking that the check is good then and shall continue good, and this agreement is as binding on the bank as its notes of circulation, a certificate of deposit payable to the order of the depositor, or any other obligation it can assume. The object of certifying a check, as regards both parties, is to enable the holder to use it as money. The transferee takes it with the same readiness and sense of security that he would take the notes of the bank. It is available also to him for all the purposes of money. Thus it continues to perform its important functions until, in the course of business, it goes back to the bank for redemption and is extinguished by payment."

So it will be seen that when the Bank of Swifton issued the certified check to Nichols there was an absolute liability on its part to pay the check when received. This brings us to the question of the effect of the indorsement of the certified check by Nichols to the American Exchange Bank of Leslie. This indorsement was made by Nichols on March 1, 1926. This was before the issue of the writs of garnishment in this case. At that time it may be stated that the facts would have justified a finding that Nichols acted fraudulently in making the sale of his stock of drugs to G. A. Causey and his associates. The record, however, does not show that the American Exchange Bank of Leslie had any knowledge

of that fact. According to the evidence in the case, when Nichols indorsed the cashier's check of the Bank of Swifton for $3,500, he directed the cashier of the American Exchange Bank of Leslie to credit $500 of this amount to his personal account and to credit a note which he owed William Ashley with the sum of $3,000. This was done. The account of Ashley was on that day credited with the sum of $3,000 and the account of Nichols was credited with $500. These facts bring the case squarely within the principles of law announced in *Merchants' & Planters' Bank of Camden* v. *New First National Bank of Columbus, Ohio,* 116 Ark. 1, 170 S. W. 852, Ann. Cas. 1917A, 944. In that case it was held that a bank which has received a certified check for deposit and has credited the deposit with the amount of it, was a *bona fide* holder, and might enforce payment of it as against the drawee bank.

The record does not show that the American Exchange Bank of Leslie received the certified check for collection. Nichols indorsed the check in blank to the bank. The bank received such certified check, and credited the account of Nichols with $500 of the amount of the certified check. The remaining $3,000 was, under the direction of the bank, credited on a note of $4,500 owed by Nichols to William Ashley. At the time this was done the American Exchange Bank did not have notice of any facts that would lead it to believe that Nichols had acted fraudulently in the sale of his stock of drugs and had thereby secured money with which to purchase the certified check from the Bank of Swifton. The American Exchange Bank of Leslie became the absolute owner of the certified check when Nichols indorsed it in blank to the bank, and the bank credited Nichols with $500 of this amount and allowed $3,000 of it to be used as a credit upon a note due by Nichols to Ashley, and no subsequent garnishment of the funds could affect the rights of the bank. The certified check became its absolute property when the transaction was closed.

As we have already seen, a cashier's check is of an entirely different nature to an ordinary check. It is a bill of exchange drawn by a bank upon itself, and is accepted by the act of issuance. Hence there is no right of countermand, and the check would pass in the same manner as a bank bill, and, as above stated, become the absolute property of the bank at Leslie when it was indorsed by Nichols and the amount of it credited to his account and on a note owed by him to Ashley. This made the Bank at Leslie absolutely liable to Ashley for the $3,000.

It follows that the decree of the chancery court must be affirmed.