154 So. 604

## FEDERAL INTERMEDIATE CREDIT BANK OF NEW ORLEANS v. FAULK.

### 4 Div. 985.

Court of Appeals of Alabama.
Oct. 31, 1933.

Rehearing Denied March 6, 1934.

John W. Rish, of Dothan, for appellant.

Mulkey & Mulkey, of Geneva, for appellee.

RICE, Judge.

Appellant was the plaintiff below; appellee, the defendant.

The parties, through and by their attorneys, made and entered into, in the progress of the suit, the following agreement, which was written into the record: "It is agreed by and between the parties to this suit that the defendant is due the plaintiff $1129.20, as of the 1st day of May 1930, with interest since that date, unless the defendant is entitled to a credit of $973.32, evidenced by a Cashier's Check issued by the First National Bank of Samson, Dec. 21, 1929, and payable to the Federal Intermediate Credit Bank of New Orleans, La."

As further stated in the bill of exceptions sent up here, "the sole and only issue, therefore, presented to the court and jury was whether the defendant was entitled to a credit of $973.32 upon his debt to plaintiff."

Upon the conclusion of the testimony, etc., the learned trial judge gave to the jury at appellee's written request the general affirmative charge to find in his favor upon said issue. The jury obeyed, whereupon, etc., judgment was rendered in favor of appellant for the balance, etc., of its claim against appellee. Its dissatisfaction appears in this appeal.

It might be here stated that the above-described cashier's check was, as appears without dispute in the testimony, purchased by appellee from the First National Bank of Samson and by him forwarded to appellant to apply on his account with it; that the same was received and accepted by appellant without protest, remonstrance, or objection, while the said bank of Samson was open and regularly doing business; that it indorsed, and deposited it with its resident banker, who put it in regular process of being collected; that, according to appellant's contention, and as its evidence tended to show, before the money was actually paid by the said bank of Samson on said check, to appellant or its agent, the said bank failed and quit business.

We are of the opinion, and hold, that "a cashier's check issued on request of a depositor (as appellee here) is the substantial equivalent of a certified check, and the deposit represented by the check passes to the credit of the checkholder (as appellant here), who is thereafter a depositor to that amount," and that "a certified check has a distinctive character as a species of commercial paper, the certification constituting a new contract between the holder and the certifying bank; the funds of the drawer are, in legal contemplation, withdrawn from his credit, and appropriated to the payment of the check, and the bank becomes the debtor of the holder as for money had and received," or that, otherwise stated, "as between the bank and the payee a cashier's check is, in legal effect, the same as a certificate of deposit," and that "such a deposit stands upon exactly the same ground as any other." If appellant was unwilling for this to become the status, it should have declined to accept the cashier's check. In all the above holdings we are but following—really quoting from—decisions of our Supreme Court which seem to us to control the question litigated herein, viz. National Commercial Bank v. Miller & Co., 77 Ala. .168, 54 Am. Rep. 50, Lummus Cotton Gin Co. v. Walker, Supt., 195 Ala. 552, 70 So. 754, 756, and Walker, Supt. of Banks, v. Sellers, 201 Ala. 189, 77 So. 715. And see Causey et al. v. Eiland, 175 Ark. 929, 1 S.W.(2d) 1008, 56 A. L. R. 529, and note, 73 A. L. R. 69.

We see nothing in the case of Stanley v. Green, Supt., etc., 205 Ala. 225, 87 So. 356, nor in any of the other cases cited by appellant's distinguished counsel in his briefs filed here, that militates against the holdings we have announced.

It results, in view of what we have said hereinabove, that the trial court was correct in giving the duly requested general affirmative charge in appellee's favor upon the single question litigated.

█ But, if we thought otherwise, we would be unable to adjudge the said court in error in that regard because of the fact that the bill of exceptions sent up not only fails to state that it contains all the testimony, etc., but affirmatively shows that it does not. In such situation, "presumption will be indulged that evidence was offered on trial justifying affirmative charge given." Stafford v. Jones, 224 Ala. 583, 141 So. 246.

█ If error was committed, which we do not assert, in any of the rulings on the taking of testimony, or otherwise, which are assigned on the record, etc., it is clear from the whole proceedings that same in no wise affected the result of the trial. Hence we would not reverse because of them. Sup. Ct. Rule 45.

The judgment appealed from is affirmed.
Affirmed.

## On Rehearing.

█ It would seem that we were in error in what we said in our original opinion as to a "cashier's check"—the legal equivalent of a "certified check"—operating as payment of the debt, etc., when *procured by the debtor* and forwarded to, and accepted by, the *creditor;* this, of course, unless the creditor *specifically* accepts the *check* in payment, etc. (which was not true in this case).

The law is rather as stated in the opinion by the Supreme Court in the case of Deal v. Atlantic Coast Line R. Co., 225 Ala. 533, 144 So. 81, 85, 86 A. L. R. 455, viz.: "If the *holder* of a check procures it to be accepted or certified, the *drawer* and all indorsers are *discharged* * * * the rule is *otherwise* where the *drawer*, before delivery, pro-. cures the acceptance or certification." (Italics ours.) In this latter case the *drawer* is "still bound to make the check good."

However, we cannot reverse the judgment appealed from, because of the second reason given by us for the affirmance, in our original opinion. Under the rule for our guidance, as we understand it, we must assume that there was testimony (omitted from the bill of exceptions) showing conclusively that the

check here in question was actually paid. Stafford v. Jones, 224 Ala. 583, 141 So. 246.

The application for rehearing is overruled.

Opinion extended; application overruled.