Klepper *v.* Cox.

KLEPPER *v.* COX.

(*Knoxville.* October 31, 1896.)

1. BANKS AND BANKING. *Reclaiming deposit from receiver of insolvent bank.*

Fraud in receiving a deposit of cash, or of a check treated as cash, after bank officials know that it is hopelessly insolvent, will not give the depositor a preferential claim against assets in the hands of the receiver of the bank, if the bank, before its failure, had commingled the cash with its general funds and had received credit for the check from a correspondent to whom it had been forwarded, although there was due from the correspondent more than the amount of the check which went into the hands of the receiver. (*Post, pp. 535–538.*)

Cases cited and approved: Aiken *v.* Jones, 93 Tenn., 353; Sayles *v.* Cox, 95 Tenn., 579; Belding Bros. *v.* Frankland, 8 Lea, 67.

2. SAME. *Presumption as to date of crediting draft.*

And a credit for a draft, given by one bank to another on the same day that the latter failed, will not be presumed, in the absence of proof, to have been given after the failure, in order to entitle one who deposited the draft in the insolvent bank after its officers knew it was insolvent, to reclaim the proceeds of the draft out of the assets in preference to other creditors who seek to have them distributed *pro rata.* (*Post, pp. 538, 539.*)

FROM WASHINGTON.

Appeal from Chancery Court of Washington County. JOHN P. SMITH, Ch.

ISAAC HARR and BURROW BROS. for Klepper.

FAW & COX for Cox.

WILKES, J.   This bill was filed to recover from defendant, as receiver of the First National Bank of Johnson City, $316.36, proceeds of a draft or check of the bank on its correspondent bank in Louisville, Ky., and the further sum of $41.75 deposited in cash in the Johnson City bank on the day of its failure.   The Chancellor granted the relief prayed as to the check, but declined to give any relief as to the $41.75 cash.   The Court of Chancery Appeals reversed the decree of the Chancellor and dismissed complainant's bill, denying him any relief, and he has appealed and assigned errors.

The theory of the bill is that the bank at Johnson City was hopelessly insolvent when it issued its check on the Louisville bank and received the cash deposit of $41.75, and this fact was well known to its president and officers, and constituted a fraud upon complainant, and that he has a right to rescind the transaction and recover back the money from the receiver, inasmuch as there was more than enough cash in the vaults of the bank, which went into the receiver's hands when it failed, to repay the amounts claimed, or that it may reclaim the draft given in exchange for the check on Louisville. The Court finds as a fact that the officers of the bank did know of the insolvency of the bank at the time of the transaction.   The facts, so far as

material to be stated, are that on November 10, 1894, complainant delivered to the Johnson City bank a draft of the United States Leather Co., drawn on a New York bank, for $307.10, and with this and $9.06 in cash it obtained and received from the Johnson City bank its check or draft on the German National Bank of Louisville for $316.36. It immediately transmitted the draft of the leather company to its New York correspondent, and it was placed to its credit in the New York bank, in its usual course of business, on November 12, 1894, but at what hour does not appear. About noon on that day the Johnson City bank ceased to do business, closed its doors, and went into the hands of defendant, as receiver. The draft on the Louisville bank was not paid, but protested. The deposit of $41.75 was made about an hour before the bank suspended. The New York bank was indebted to the Johnson City bank, when the latter closed its doors, in the sum of $5,644.67, and afterward paid the receiver $4,873.03 of this amount, retaining $771.64 on account of some rediscounts on which the Johnson City bank was indorser. When the draft was drawn on the Louisville bank, November 10, 1894, the Johnson City bank was overdrawn with it $51.55, but on November 12, when the failure occurred, it had to the credit of the Johnson City bank $113.65.

The Court of Chancery Appeals finds as a fact that the parties treated the deposit of the leather

company's draft and the issuance of the draft on Louisville as cash transactions, and the leather company's draft was remitted by the Johnson City bank to its New York correspondent as cash and for its credit, and not simply as a collection. The real matter presented and insisted upon in this Court and in the Court of Chancery Appeals is that the Johnson City bank was hopelessly insolvent and known by its officers to be so when the transaction took place with it, and the contention is made that this constituted fraud, and that complainant is entitled to recover the amount of the leather company's check out of the proceeds which came into the hands of the receiver from the New York bank. Put into other language, the contention is, that it was a fraud to receive the check under the circumstances, and hence the receiver holds the fund in trust, and complainant has a right to follow and reclaim the amount of the check in preference to other creditors. We have held, in cases somewhat similar to this, that by transactions as here detailed the relation of debtor and creditor was created between the customer and the bank, and in such cases the customer cannot follow and reclaim the proceeds of the check or the money, when it has been collected or credited before the bank closed. *Aiken* v. *Jones*, 9 Pick., 353; *Sayles* v. *Cox*, *Rec.*, 11 Pick., 579.

An earnest argument is made, however, that the question and effect of the fraud practiced in making

such transaction when the bank was in a known state of utter insolvency was not passed upon or considered in these cases, and that the consequence of such fraud must be to warrant the customer in rescinding the transaction and reclaiming his property. It is likened to the case of a vendor who has been induced by fraud to part with his goods. In such case he may reclaim them in the hands of the vendee if he can find and identify them. *Belding Bros.* v. *Frankland*, 8 Lea, 67; or against an assignee under a voluntary assignment for the benefit of creditors and to secure pre-existing debts. *Id.*

This rule obtains upon the idea that the identical goods or property can be traced in kind into the hands of the assignee, and that they have not been mixed or confused with other goods or property of like kind. But does the rule apply in a case like the present? The transaction between the complainant in this case and the bank, was, in effect, that complainant sold to the bank the check of the leather company, and purchased from the bank its own check upon the Louisville bank. At the same time the Johnson City bank became, by the same transaction, the owner of the leather company's check, and at once remitted it for credit on its own account to its New York correspondent, and it was received and credited as cash by the New York bank upon its arrival.

There is no question now made as to the real cash passing in the transaction, but the effort is to

Klepper v. Cox.

reclaim the proceeds of the leather company's check out of the funds turned over to the receiver by the New York bank, after he took charge.

There are two determining questions arising under the statement of facts. First, whether the proceeds of the check can be traced and identified; and, second, whether the credit was given to the Johnson City bank by the New York bank before the failure of the former. If such credit was entered before the Johnson City bank failed, then the proceeds became mingled with the general funds of the banks, and cannot be reclaimed. *Aiken* v. *Jones*, 9 Pick., 353; *Sayles* v. *Cox*, 11 Pick., 579. In such case the proceeds cannot be followed, separated, or identified. The credit in this case was given by the New York bank on the same day the Johnson City bank failed; which was first, in point of time, does not appear.

Under this state of facts, in the absence of proof to the contrary, the identification not being made out, and in favor of the other creditors of the bank seeking a *pro rata* distribution of its assets, we must presume that the credit was given before the Johnson City bank failed, and, this being so, the proceeds of the check cannot be identified or separated, and the right to reclaim them is lost, and the decree of the Court of Chancery Appeals is affirmed.