### IN THE

# SUPREME COURT OF TENNESSEE

### . FOR THE

## EASTERN DIVISION.

## (KNOXVILLE. SEPTEMBER TERM, 1921.)

---

ETTA YOUNG McDOWELL v. A. S. McDOWELL *et al.**

*(Knoxville,* September Term, 1921.)

1. **BONDS.** Trusts. Bank lending money on bonds has rights of innocent purchaser.

Where bank loaned money and took negotiable bonds as collateral without knowledge of any interests of third persons in the bonds, and the borrower of the money died insolvent without repaying the loan, and the bonds did not equal in value the amount of the loan, such third persons cannot recover their interests in the bonds in specie, for the bank acquired the whole of the bonds as an innocent purchaser for value, nor can third persons recover on the theory of tracing the proceeds of trust property. (*Post, pp.* 455-459.)

2. **TRUSTS.** Proceeds of trust property must be identified.

If one holding bonds in trust converts them into money by placing them as collateral for a loan in excess of the value of the bonds, the *cestui que trust,* in order to fasten the trust upon any property of the insolvent estate, must identify the proceeds of the loan and follow such proceeds into some specific investment, and cannot claim to be a preferred creditor as to the general funds of

---

*The question of need of identifying misapplied trust funds and to follow and recover them, is discussed in a note in L. R. A. 1916C, 21.

(452)

the estate, and it is immaterial that the insolvent has died, and the assets are in the hands of an executor or administrator. (*Post,* *pp.* 455-459.)

Cases cited and approved: Treadwell v. McKeon, 66 Tenn., 445; Wells v. Stratton, 1 Cooper, Chy. 328; Brocchus v. Morgan, 3 Shan. Cas., 671; Macy v. Roedenbeck, 227 Fed., 347; Akin v. Jones, 93 Tenn., 353; Sayles v. Cox, 95 Tenn., 579; Klepper v. Cox, 97 Tenn., 534; Arbuckle v. Kirkpatrick, 98 Tenn., 221; Lowe v. Jones, 192 Mass., 92.

Cases cited and distinguished: Moffitt v. McDonald, 30 Tenn., 457; Richardson, Adm'r, v. Vick. 125 Tenn., 536.

### FROM KNOX.

Appeal from the Chancery Court of Knox County.— HON. CHAS. HAYS BROWN, Chancellor.

FOWLER & FOWLER, for plaintiff.

HENRY HUDSON, for defendants.

MR. JUSTICE GREEN delivered the opinion of the Court.

The insolvent estate of J. R. McDowell is being wound up in this cause in the court below. This appeal arises upon the validity and alleged priority of two claims presented by intervening petitions.

During his lifetime J. R. McDowell had in his possession ten bonds of the par value of $1,000 each. McDowell pledged these bonds to a Knoxville bank to secure a note for $10,000. The petitioners assert that they were interested in and part owners of said bonds. Petitioner Williams claims to have owned a one-third interest in one of the bonds, and petitioner Wilson claims to have

owned a one-third interest in all of the ten bonds. They came into this cause asserting claims against the estate for the value of their respective interests in said bonds, and they also alleged that they were entitled to preferential payment of their claims out of the general assets of the deceased.

The master found that these petitioners did own the interests in the bonds which they asserted, and he allowed them to recover the value of their interests as general creditors of said estate. The chancellor confirmed the finding of the master as to the interests of said petitioners in said bonds, and in addition directed that their claims for the value of the bonds, converted by the deceased, be paid in full out of the funds of said estate, which estate, as said before, is insolvent.

Error is assigned in this court upon the allowance of the Wilson claim and upon the priority in payment given to both the Wilson and the Williams claims by the chancellor.

Both the said claims have been found just demands against the estate of the deceased by the master and the chancellor. This presents a concurrent finding upon an issue of fact which is supported by evidence in the record, and we will not go behind said finding.

The only question in this court is upon the chancellor's action in directing preferential payment of these claims. In this we think his honor erred.

According to the stipulation of counsel, McDowell pledged said bonds to the bank as his own property and to secure an indebtedness of his own. The bank had no knowledge of the interests of the petitioners in

said banks and took them as the property of McDowell. Moreover, the bonds appear to have been negotiable in form.

McDowell's note was unpaid, and the bank held said bonds as collateral security at the time of his death. Later by agreement of all parties steps were taken to realize upon the bonds, and there was obtained from this source something over $7,000 which was paid over to the bank. It was agreed that the bank should take and hold the proceeds of the bonds just as it held the bonds themselves, and that the rights of none of the parties would be affected by the proceedings had to collect said bonds.

The petitioners justify their claim to payment in full on the theory that McDowell held said bonds as a trustee for them to the extent of their several interests. They insist that, having converted the bonds to his own use, they were entitled in the first instance to have his estate redeem these securities from the bank to the extent of the petitioners' interests in them. Or, what is the same thing, the estate not having redeemed the bonds, petitioners should be allowed to recover from the estate the value of their property in the hands of deceased and misappropriated by him.

They cannot recover their interests in the bonds in specie as a matter of course, for the bank acquired the whole of said bonds as an innocent purchaser for value. Neither do we think that the petitioners are entitled to recover on the theory of tracing the proceeds of trust property.

Since *Moffitt* v. *McDonald,* 30 Tenn. (11 Hump.), 457, it has been held in this State if a trustee converts a trust fund in his hands into another species of property, and its identity can be traced, it will be held in its new form liable to the rights of the *cestuique trust.* All of our cases, however, emphasize the necessity of indentifying the proceeds of the trust property misappropriated and following such proceeds into some specific investment. This was done, or attempted, in *Treadwell* v. *McKeon,* 66 Tenn. (7 Baxt.), 445, *Wells* v. *Stratton,* 1 Cooper, Chy., 328, and *Brocchus* v. *Morgan,* 3 Shan. Cas., 671, relied on by the petitioners.

In *Brocchus* v. *Morgan, supra,* which is pressed upon our consideration, the trust fund was traced into a particular bank account. The presumption was applied that money thereafter checked from that account was the trustee's own money deposited first, and that the amount remaining represented the proceeds of the embezzled fund.

This court has never accepted the doctrine announced in some jurisdictions that, if one's general estate has been swelled by the proceeds of trust property, the trust may be established against the general assets although the estate be insolvent. This view formerly prevailed in some jurisdictions, but seems to have been abandoned almost everywhere now. We cannot undertake to review all the cases, but the trend of decision on the subject will be shown in an elaborate note under *Macy* v. *Roedenbeck,* 227 Fed., 347, 142 C. C. A., 42, following the report of that case in L. R. A., 1916C, 12.

No effort is made to trace the proceeds of the note to which McDowell attached these bonds as collateral se-

curity. Whether the money thus obtained was used to pay debts, or whether it came into his general estate, does not appear. If it came into his estate, it is not followed into any assets now in the hands of his executrix. So far as the record shows, the amount realized on said note was mingled with McDowell's assets generally and cannot now be distinguished.

In *Moffitt* v. *McDonald, supra,* the court declared this rule with respect to tracing the proceeds of a trust fund:

"It must, however, be clearly established, that the property upon which the trust is sought to be fastened, has been paid for out of the specific trust fund. It is not sufficient to prove that the purchaser of the property had a fund belonging to another in his hands, unless the employment of that particular fund in the purchase be also proved."

We have three cases in which negotiable instruments were placed in the hands of banks, as agents, to collect and remit the proceeds. These collections were mingled with the general funds of the collecting banks and assignments were made by them before remittances. In each of these cases it was held that no trust could be imposed on funds in the hands of the assignee, even though the particular collection was made by the assignor as agent—this because the fund collected had not been kept separate and could not be identified. *Akin* v. *Jones*, 93 Tenn., 353, 27 S. W., 669, 25 L. R. A., 523, 42 Am. St. Rep., 921; *Sayles* v. *Cox,* 95 Tenn., 579, 32 S. W., 626, 32 L. R. A., 715, 49 Am. St. Rep., 940; *Klepper* v. *Cox,* 97 Tenn., 534, 37 S. W. 284, 34 L. R. A. 536, 56 Am. St. Rep., 823.

The same rule is announced in *Arbuckle* v. *Kirkpatrick,* 98 Tenn., 221, 39 S. W., 3, 36 L. R. A., 285, 60 Am. St. Rep., 854, with reference to the proceeds of goods said to have been held on consignment, which was sold, and the proceeds thereof mingled by the insolvent firm with its own assets.

There is no reason for applying a different rule as to assets in the hands of an executor or administrator. *Moffitt* v. *McDonald, supra,* was an effort to fix a trust on property in the hands of the personal representative of a decedent. In *Richardson, Adm'r,* v. *Vick,* 125 Tenn., 536, 545, 145 S. W., 174, 177, it is said: "The general principles applicable to assignments for the benefit of creditors and proceedings in bankruptcy are much the same as those governing the administration of the estates of insolvent decedents."

In order to follow trust money there must be specific property, capable of being identified, into which the trust money has gone. We have here only the general estate of the deceased, and there is no showing that any part of it came from the money secured by the pledge of these bonds.

A case almost exactly parallel to this is *Lowe* v. *Jones,* 192 Mass., 92, 78 N. E., 402, 6 L. R. A. (N. S.), 487, 116 Am. St. Rep., 225, 7 Ann. Cas., 551. In that case certain securities were pledged by a trustee for his individual benefit. The trustee died insolvent, and it was sought to compel his representative to redeem the trust property pledged by the deceased. The court denied this relief in a well-reasoned opinion, and said that the effort was merely one to impress a trust on the general estate of the deceased to the amount of the securities misappropriated by him.

The chancellor's decree will be modified as herein indicated. The petitioners are entitled to share in the assets of the estate of deceased as general creditors, but are not entitled to preferential payment. The petitioners will pay the costs of this court, in proportion to the amounts of their claims and the cause will be remanded for further proceedings.