OMEGA HEMBREE BRAGG *v.* C. T. OSBORN *et al.*\*

(*Nashville.* December Term, 1922.)

**TRUSTS.** Proceeds of trust not traced as necessary for preferential payment.

A ward, for whom a bank was trustee, does not trace the funds, as is necessary for preferential payment, on the bank becoming insolvent, its credit in another bank being the proceeds of a loan, and the money in its own vaults being less than it held as guardian for other wards, as, even if, between the guardian and ward, what remained might be presumed to be that of the ward, the guardian, under Thompson's-Shannon's Code, section 4280, having no right to use a ward's funds in its business, it is impossible to indulge a presumption in favor of one ward as against other wards.

Acts cited and construed: Acts 1913, ch. 20, sec. 19.

Cases cited and approved: Arbuckle v. Kirkpatrick, 98 Tenn., 221; Akin v. Jones, 93 Tenn., 353; Sayles v. Cox, 95 Tenn., 579; Klepper v. Cox, 97 Tenn., 543; Central National Bank v. Connecticut Mutual Life Ins. Co., 104 U. S., 54; Brocchus v. Morgan, 3 Shan. Cas., 671; Woodard v. Bird, 105 Tenn., 671.

Cases cited and distinguished: McDowell v. McDowell, 144 Tenn., 452; Commonwealth ex rel. Bell v. Tradesmen's Trust Co., 250 Pa., 378.

Code cited and construed: Sec. 4280 (T.-S.).

---

\*On *identifying* misapplied trust funds to follow and recover them see note in L. R. A., 1916C, 21.

For right of *cestui que trust* to have property wrongfully pledged by trustee for his personal debt redeemed by money belonging to his insolvent estate see note in 18 A. L. R., 626.

On claim of preference of trust deposit out of funds of insolvent bank see note in 1 L. R. A. (N. S.), 252.

FROM RUTHERFORD.

Appeal from the Chancery Court of Rutherford county.—
Hon. Thos. B. Lytle, Chancellor.

Roberts & Cooper, for Bragg.

Holloway & Coffey, Wm. Hume, H. T. Stewart, W.
Hancock, G. S. Ridley, Jas. D. Richardson, Brown &
Whitaker and J. W. Sparks, for appellee.

Mr. Justice Green delivered the opinion of the Court.

The Citizens' Bank & Trust Company of Murfreesboro
was taken in charge by the superintendent of banks on
January 7, 1922, as an insolvent institution. Prior there-
to it had qualified as guardian of Omega Hembree Bragg,
a minor, and had received $10,000 of her funds on October
19, 1921. The question presented on this appeal is wheth-
er the ward is entitled to preferential payment out of the
assets of the bank. The chancellor so decreed, and from
this decree the superintendent of banks has appealed. The
sureties on the guardian's bond are making the question.

The chancellor referred the cause to the clerk and master
as to certain matters, and the master made a report, which
was confirmed. The concurrent finding, however, cuts no
figure in the case since, in so far as we disagree with it,
there is no evidence to support such finding, or the con-
clusion reached is upon a matter of law.

The proof taken is quite meager, consisting alone of the deposition of the former cashier of the bank. He testifies that the bank undertook to receive this minor's fund and hold it intact—not to lend out the fund or invest it, inasmuch as the young woman lacked only a few months of reaching her majority. He says that the fund was held intact in the bank's reserve, and that it was not converted or used by the bank. The money received was in the form of a check on the Louisville Farm Loan Bank. The check was placed to the credit of the minor on the books of the Murfreesboro bank. No effort, however, was made to keep the proceeds of the check separate, but such proceeds were commingled with other funds of the bank. The only effort made to trace these proceeds is an effort to follow them into what is called the bank's reserve.

When the bank ceased business, it had in its vaults $4,-606; $1,022.50 was in cash, the balance in checks on other banks. On that day, however, this bank had to its credit in the Fourth & First National Bank at Nashville, $33,200.58. The proof shows that during the time of this guardianship the lowest amount of the bank's apparent reserve was $11,366, counting cash and cash items in its vaults and deposits to its credit at its correspondent banks. It is said, therefore, the $10,000 belonging to this minor has all the while been held in the bank's reserve, and that she is entitled to reclaim it in full.

We cannot agree that the credit at the Fourth & First National Bank, which existed on January 7, 1922, in favor of the Murfreesboro bank, can be treated as any part of the latter bank's reserve. The proof shows that this money in the Fourth & First National Bank was the proceeds of a loan. While, under section 19 of chapter 20 of the Acts of 1913, a bank's reserve may consist in part of a balance due

by banks and bankers payable on demand, a bank is prohibited from building up its reserve out of loans or discounts. Since there was only $4,606 in cash at the Murfreesboro bank when it suspended, it necessarily follows that more than half of the minor's money had been converted and used, notwithstanding the idea of the cashier to the contrary. The so-called reserve in the Fourth & First National Bank was not a reserve at all, but resulted from a discount.

The minor has therefore failed to trace any part of her money into the balance of the Murfreesboro bank at the Fourth & First National Bank. The proof affirmatively shows this balance was otherwise acquired.

The question remains as to whether she has traced her money into the fund remaining in the Murfreesboro bank when its doors were closed.

We undertook to review our cases upon the subject of following trust funds quite recently in *McDowell* v. *McDowell*, 144 Tenn., 452, 234 S. W., 319, 18 A. L. R., 623, and from this review announced our conclusion as follows:

"In order to follow trust money there must be specific property, capable of being identified, into which the trust money has gone." *McDowell* v. *McDowell*, supra.

The old rule undoubtedly was that, since money has no earmarks, it could not be followed when a trustee mingled his own with that of his *cestui que trust*. Our cases rather lead to the conclusion that there has been no relaxation of this rule in Tennessee. *Arbuckle* v. *Kirkpatrick*, 98 Tenn., 221, 39 S. W., 3, 36 L. R. A., 285, 60 Am. St. Rep., 854; *Akin* v. *Jones*, 93 Tenn., 353, 27 S. W., 669, 25 L. R. A., 523, 42 Am. St. Rep., 921; *Sayles* v. *Cox*, 95 Tenn., 579, 32 S. W., 626, 32 L. R. A., 715, 49 Am. St. Rep., 940;

*Klepper* v. *Cox,* 97 Tenn., 543, 37 S. W., 284, 34 L. R. A., 536, 56 Am. St. Rep., 823.

In *McDowell* v. *McDowell,* supra, we declared that this court had never accepted the doctrine that, if one's general estate had been swelled by the proceeds of trust property, the trust might be established against the general assets, although the estate was insolvent.

The case of *Knatchbull* v. *Hallett,* L. R., 13 Ch. Div., 696, has been rather generally followed in this country, and has been approved by the supreme court of the United States in *Central National Bank* v. *Connecticut Mutual Life Ins. Co.,* 104 U. S., 54, 26 L. Ed., 693. It is the line of authorities following this case that is invoked in behalf of the minor here.

The doctrine of these cases is that, where a trustee blends in a bank account his own money with a beneficiary's, from which account the trustee subsequently withdraws funds, the withdrawals will be presumed to be the trustee's own funds, which he had a right to withdraw, and the balance will be presumed to include the beneficiary's funds, which the trustee had no right to use.

To save a trust fund, another fiction was applied by this court in *Brocchus* v. *Morgan,* 3 Shan. Cas., 671, and we are not required to say that in a proper case *Knatchbull* v. *Hallett* would not now be accepted.

In the case before us, however, the defunct bank was not only the guardian of this minor, but of several others. In addition to the $10,000 in question, it had more than $8,000 belonging to other minors. It was trustee for all of these, and, regardless of any particular agreement made, it handled the funds of all these minors in the same manner. We think *Knatchbull* v. *Hallett,* supra, cannot be applied

in favor of any one beneficiary, where an insolvent trustee has been administering and has mingled several trust funds. Such an effort was made in Pennsylvania, and the supreme court of that state denied it and said:

"The case is distinguishable from that of an individual trustee, who mixes the funds of a single *cestui que trust* with his own account. In such case it can readily be determined whether and to what extent he has appropriated the trust funds to his own use. On the other hand, when a trust company deposits in a common account funds belonging to various persons, it cannot be said that the mere fact of there being on deposit at all times sufficient to meet the claim of any particular customer of the bank entitled that customer to claim it as against other claimants, whose money also went into the same account. Claimant could not trace title to any particular part of the deposits and his claim can therefore rise no higher than the claim of others whose money was deposited in the same general fund." *Commonwealth ex rel. Bell v. Tradesmen's Trust Co.,* 250 Pa., 378, 95 Atl., 577, L. R. A., 1916C, 10.

The fiction of *Knatchbull* v. *Hallett,* supra, cannot be indulged here. The guardian had no right to use the funds of any of these wards in its business. The authority of a guardian to invest the ward's money is purely statutory. *Woodard* v. *Bird,* 105 Tenn., 671, 59 S. W., 143, and the statutes set out with precision the investments that may be made. Thompson's Shannon's Code, section 4280 et seq. We could not presume that, in the depletion of the commingled trust funds in its care, the guardian wronged one minor to the advantage of another.

We are of opinion that the minor Omega Hembree Bragg, has therefore failed to trace her money. Its identity has been lost. She is not entitled to preferential payment under former decisions of this court, nor is *Knatchbull* v. *Hallett* in point. She must be treated as a simple creditor, and the chancellor erred in holding to the contrary.

Other minors, who have come into the case, are in the same plight, and the chancellor properly denied them any preference in payment.

The costs below will be adjudged by the chancellor. Costs of this court will be taxed to the sureties on the bond of the Citizens' Bank & Trust Company. as guardian of Omega Hembree Bragg.

Remand for further proceedings.