# Commonwealth, ex rel., *v.* Tradesmen's Trust Company (No. 2).

*Trusts—Trust funds—Mingling with other funds—Right to follow—Trust companies—Banks and banking.*

1. Where a trust company deposits in a common account funds belonging to various persons, the mere fact of there being on deposit at all times sufficient funds to meet the claim of any particular customer of the bank, does not entitle that customer to claim the fund as against other claimants whose money also went into the same account.

2. An insolvent transferred certain property to a trust company in trust to convert the same into cash and pay the creditors of the insolvent. When certain of the cash was in its hands the trust company became insolvent and a receiver was appointed. It appeared that the cash had been deposited in a general account in which was also the money of various other customers of the trust company. The money in the account had never fallen below the sum belonging to the insolvent's estate. The amount was claimed by the creditors of the insolvent in preference to other creditors. *Held,* the court did not err in refusing the claim.

Argued May 4, 1915. Appeal, No. 3, May T., 1915, by George H. Sherwood, substituted trustee for the creditors of John J. O'Rourke, from decree of C. P. Dauphin Co., Commonwealth Docket, 1911, No. 219, dismissing exceptions to report of auditors, in case of Commonwealth of Pennsylvania, ex relatione John C. Bell, Attorney General, v. Tradesmen's Trust Company. Before BROWN, C. J., MESTREZAT, ELKIN, STEWART and FRAZER, JJ. Affirmed.

Petition by the Commonwealth at the relation of the attorney general to declare a trust company insolvent and for the appointment of a receiver.

Exceptions to report of Henry S. Borneman, Esq., and Eugene Snyder, Esq., auditors. Before McCARRELL, J.

The facts appear in Com. v. Tradesmen's Trust Com-

pany (No. 1), above, and in the opinion of the Supreme Court.

The court dismissed the exceptions. George H. Sherwood, substituted trustee for the creditors of John J. O'Rourke, appealed.

*Errors assigned* were in dismissing exceptions to the auditors' report.

*Ruby R. Vale,* with him *Edward B. Seiberlich* and *Arthur E. Weil,* for appellant.—Where a trustee receives money of a cestui que trust and deposits it in bank in his own name and afterwards mingles therewith funds of his own from which he makes withdrawals for his own use, the cestui que trust may claim the amount of the trust money in preference to the general creditors of the trustee if at all times there was a balance in the commingled fund on deposit equal to or in excess of the aggregate of the trust money: Knatchbull v. Hallett, 49 L. J. Ch. 415, 13 Ch. Div. 696; Massey v. Fisher, 62 Fed. Repr. 958; Sinclair v. Brougham, L. R. App. Cases, 398 (1914); National Bank v. Insurance Company, 104 U. S. 54; Empire State Surety Co. v. Carroll County, 194 Fed. Repr. 593; Board of Commissioners of Crawford County, Ohio, v. Strawn, 157 Fed. Repr. 49; In re Stewart, 178 Fed. Repr. 463; Drovers' & Mechanics' Nat. Bank v. Roller, 85 Md. 495; Woodhouse v. Crandall, 197 Ill. 104; Importers' & Traders' Nat. Bank v. Peters, 123 N. Y. 272; Peters v. Bain, 133 U. S. 670; Board of Com'rs of Crawford County, Ohio, v. Patterson, 149 Fed. Repr. 229; Weiss v. Haight & Freese Co., 152 Fed. Repr. 479; In re M. E. Dunn & Co., 193 Fed. Repr. 212; Brennan v. Tillinghast, 201 Fed. Repr. 609; Matter of Holmes, 159 N. Y. 532, affirming 37 N. Y. App. Div. 15; Blair v. Hill, 165 N. Y. 672, affirming 50 N. Y. App. Div. 33; Hewitt v. Hayes, 205 Mass. 356; Board of Fire & Water Com'rs of City of Marquette v. Wilkinson, 119 Mich. 655; Elizalde v. Elizalde, 137 Cal. 634; Burnham

v. Barth, 89 Wis. 362; Lincoln v. Morrison, 64 Nebr. 822; Waddell v. Waddell, 36 Utah 435.

*Paxson Deeter,* with him *Samuel M. Clement, Jr.,* for appellee.—Mingled trust moneys lose their identity and cannot be followed: Thompson's App., 22 Pa. 16; Lebanon Trust & Safe Deposit Bank's Assigned Est., Carmany's App., 166 Pa. 622.

Knatchbull v. Hallett, 49 L. J. Ch. 415, 13 Ch. Div. 696, is not the law of Pennsylvania: Assigned Estate of the Solicitor's Loan and Trust Company, 3 Pa. Superior Ct. 244; Commonwealth v. Union Surety and Guaranty Co., 37 Pa. Superior Ct. 179; Miller's Appeal, 218 Pa. 50.

OPINION BY MR. JUSTICE FRAZER, July 3, 1915:

This appeal is from the decree of the lower court confirming the auditors' report in the matter of the insolvency of the Tradesmen's Trust Company. The facts are set forth in the opinion filed in the preceding case. The single question for decision here, is whether a cestui que trust may claim the amount of deposits, with an insolvent trust company, as a preference where the company mingles the funds with its general account, but at all times keeps in such account a balance in excess of the amount of trust money claimed. It appears that John J. O'Rourke became insolvent and for the purpose of protecting his creditors, and avoiding the expenses incident to bankruptcy proceedings, entered into an agreement with his creditors and the Tradesmen's Trust Company whereby he executed a mortgage and bill of sale of all his property to the trust company, as trustee for the purpose of converting such property into cash and holding and distributing the proceeds for the benefit of all his creditors. The agreement provided that the trustee should, from time to time, make distribution among the creditors of the proceeds of sale of property and for this service it was to receive a certain commission on money

passing through its hands. On August 13th, 1911, the trust company gave an account as trustee, showing a balance in its hands for distribution among creditors, amounting to $3,889.94 which was found to be incorrect, and, on being restated, the correct amount was fixed at $3,389.94. Before distribution was made, the company closed its doors and a receiver was subsequently appointed to wind up its business. The present appellant was appointed substituted trustee by the creditors with power to prove their claims against the assets of the trust company. Appellant claims the money in the hands of the trust company was a trust fund and that the creditors of O'Rourke were entitled to this as a preferred claim. The auditors found there was at all times, between September 21, 1908, and September 18, 1911, the date on which the trust company closed its doors, a balance on deposit in the account in which this fund was entered of more than four thousand dollars. The auditors also found the fund was a trust fund, but was mingled with the general funds of the trust company and that therefore claimant was not entitled to a preference. Appellant claims that since an amount equal to or greater than the amount of the claim he represents was at all times on deposit up to the time of the appointment of the receiver, he is entitled to such fund in preference to the general creditors. This contention is based on the case of Knatchbull v. Hallett, 49 L. J. Ch. 415, 13 Ch. Div., 696, and subsequent English and American cases following that decision. These cases establish the general rule that where a trustee receives money from a cestui que trust and deposits it with his own account, and in his own name, to which account he subsequently adds and withdraws money, the cestui que trust may claim to the extent of his trust fund the lowest amount which was on deposit at any time during the continuance of the trust, regardless of the fact that the funds were commingled and increased or diminished, from time to time. This rule is based on the theory that the trustee will not be

presumed to have intended to commit a criminal act and so long as there are funds of his own, though mixed with the trust funds, any withdrawal from the account will be considered as a withdrawal of his own money, and not that belonging to the trust, and it is only when the total amount is reduced below the amount of the trust, that this presumption is rebutted, because the circumstances preclude any other possibility. There appears to be no case in Pennsylvania where it has been decided by an appellate court, that the above rule is the law of this State, nor is it necessary to decide here the precise question as to whether the rule should be applied in cases where the trustee is an individual and deposits money in his own bank account. The trustee here is a trust company authorized by statute to receive and handle funds of others and do a general banking business. In the conduct of this business it necessarily handled trust funds belonging to a large number of persons. These funds in the present case were deposited in a general account and in this way it became impossible to say to whom any particular part belonged. The case is distinguishable from that of an individual trustee who mixes the funds of a single cestui que trust with his own account. In such case it can readily be determined whether and to what extent he has appropriated the trust funds to his own use. On the other hand, when a trust company deposits in a common account funds belonging to various persons, it cannot be said that the mere fact of there being on deposit at all times sufficient to meet the claim of any particular customer of the bank, entitled that customer to claim it as against other claimants whose money also went into the same account. Claimant could not trace title to any particular part of the deposits and his claim can therefore rise no higher than the claim of others whose money was deposited in the same general fund.

The appeal is dismissed.