(95 South, 290)

### J. ALLEN SMITH & CO. v. MONTGOMERY, State Superintendent of Banks.
### (3 Div. 591.)

(Supreme Court of Alabama. Jan. 18, 1923. Rehearing Denied, Feb. 8, 1923.)

**1. Banks and banking ⬤≈166(1)—Conditions for lien, where bank goes into hands of a receiver before paying a collection made, stated.**

That one for whom a bank collected money may acquire and enforce a lien on the funds in the hands of its receiver, it having become insolvent without paying him, he must trace and identify the money collected for him by the bank, as being on hand when the receiver took over its affairs; and it is not enough to show that the receiver took over a fund into which such money had been placed or with which it had been commingled.

**2. Banks and banking ⬤≈226—Bill to establish lien on funds in receiver's hands for money collected but not paid by bank held insufficient.**

Bill to establish lien on funds in hands of bank's receiver for collection, made for but not paid to complainant, merely averring a balance in excess of the claim on hand between the time of the collection and the receivership, *held* insufficient in not showing that the money collected can be identified.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Bill by J. Allen Smith & Co. against H. H. Montgomery, as State Superintendent of Banks. From a decree sustaining demurrer to the bill, complainant appeals. Affirmed.

The bill alleges that the complainant, a Tennessee corporation, on December 18, 1921, deposited for collection with the City National Bank of Knoxville, Tenn., a certain draft drawn by complainant for $602, duly accepted by the drawee, and due and payable December 20, 1921; that said bank forwarded the draft to the Merchants' Bank of Montgomery, with instructions to collect; that the draft was paid by the drawee on December 20, 1921, to the Merchants' Bank of Montgomery, which bank remitted the proceeds thereof to the forwarding bank by its cashier's check drawn on the Chemical National Bank of New York, to the order of the forwarding bank; that this check was received by the City National Bank of Knoxville on December 22, 1921, and on the same day was by it forwarded to New York for collection; but before it was paid by the Chemical National Bank the said Merchants' Bank closed its doors, on December 23, 1921, and said Chemical National Bank refused payment.

It is alleged that H. H. Montgomery, as State Superintendent of Banks, took charge of the assets and affairs of the Merchants' Bank, and is now engaged in liquidating the same.

Paragraph 4 of the bill as amended is as follows:

"Orator is further informed and believes, and upon such information and belief avers and states, that from the time the said $602 was received by the said Merchants' Bank on, to wit, the 20th day of December, 1921, to the time when said bank closed its doors on, to wit, December 23, 1921, the said Merchants' Bank had in its possession money exceeding said sum of $602, exclusive of any deposits or receipts subsequent to the time it received said $602, and that such money, in excess of said sum of $602, exclusive of deposits and receipts subsequent to the time of the receipt of said $602 by the said Merchants' Bank on said December 20, 1921, came into the hands of H. H. Montgomery, as State Superintendent of Banks of Alabama, when he took charge of the assets and affairs of said bank as hereinabove stated.

"Orator is advised and believes, and upon such advice and belief avers and states, the fact to be that it has a preferred claim upon the assets of said Merchants' Bank for the payment of said sum of $602 in advance of the payment of claims of ordinary creditors and depositors of said bank."

The bill makes party respondent H. H. Montgomery, as State Superintendent of Banks, and prays that complaint be declared to have a preferred claim for $602, to be paid in advance of ordinary creditors.

The respondent demurred to the bill on the grounds, among others, that the bill does not show that the proceeds of the complainant's draft or any part thereof came into the hands of the Superintendent of Banks, or were in the bank when taken over by him, or that said claim or any part thereof constitutes a part of the trust fund coming into his hands; that it is not alleged that the said fund of $602 or any part thereof can be traced into the possession of the Superintendent of Banks, or that the sum constituted any part of the funds or assets of the Merchants' Bank when taken over by the Superintendent; that it does not appear that the relation of depositor and depositee existed between the petitioner and the Merchants' Bank with respect to the proceeds of said draft.

The trial court sustained the demurrers, and defendant appeals.

Rushton & Crenshaw, of Montgomery, for appellant.

Where a bank collects a draft for another, fails to remit the proceeds, and closes its doors before the owner receives the proceeds, such bank is a trustee of the sum so received by it. 145 Ala. 196, 41 South. 143; 198 App. Div. 733, 191 N. Y. Supp. 88. Where trust moneys are mingled with other moneys in a bank account, a sufficient identification is had where it is shown that the bank balance at no time, from the receipt of the

trust money to the date of the insolvency falls below the amount of the trust fund. L. R. 13 Ch. Div. 696; 104 U. S. 54, 26 L. Ed. 693; 232 U. S. 707, 34 Sup. Ct. 466, 58 L. Ed. 806; 157 Fed. 49, 84 C. C. A. 553, 15 L. R. A. (N. S.) 1100; (C. C.) 62 Fed. 958; 94 Fed. 705, 36 C. C. A. 432; (C. C.) 152 Fed. 479; 137 Cal. 634, 66 Pac. 369, 70 Pac. 861; 197 Ill. 104, 64 N. E. 292, 58 L. R. A. 385; 85 Md. 495, 37 Atl. 30, 36 L. R. A. 767, 60 Am. St. Rep. 344; 103 Mich. 109, 61 N. W. 352; 107 Mich. 190, 65 N. W. 113; 119 Mich. 655, 78 N. W. 893, 44 L. R. A. 493; 70 Minn. 238, 73 N. W. 6; 64 Neb. 822, 90 N. W. 905, 57 L. R. A. 885; 60 N. J. Eq. 333, 46 Atl. 945; 123 N. Y. 272, 25 N. E. 319; 87 Hun, 117, 33 N. Y. Supp. 794; 37 App. Div. 15, 55 N. Y. Supp. 708; 18 R. I. 352, 27 Atl. 443; 69 Tex. 484, 6 S. W. 798; 134 Wis. 565, 115 N. W. 128, 27 L. R. A. (N. S.) 243; 125 Wis. 498, 103 N. W. 1123, 104 N. W. 917, 1 L. R. A. (N. S.) 1110, 110 Am. St. Rep. 844; 103 Mich. 109, 61 N. W. 352; 104 Ark. 550, 149 S. W. 514; 46 Mont. 439, 128 Pac. 596; 172 Fed. 1, 96 C. C. A. 587; (C. C.) 176 Fed. 816; (D. C.) 186 Fed. 413; 194 Fed. 593, 114 C. C. A. 435; 201 Fed. 609, 120 C. C. A. 37; (D. C.) 212 Fed. 337; 99 Ark. 553, 139 S. W. 299; 175 Cal. 756, 167 Pac. 388; 205 Mass. 356, 91 N. E. 332, 137 Am. St. Rep. 448; 36 Utah, 435, 104 Pac. 743; 93 Wash. 306, 160 Pac. 952; 95 Wash. 661, 164 Pac. 247; 5 Wyo. 199, 38 Pac. 926, 29 L. R. A. 226, 63 Am. St. Rep. 47; 86 Ohio St. 57, 99 N. E. 214, L. R. A. 1916C, 6, Ann. Cas. 1913D, 387; 19 Harvard L. Rev. 511; 227 Fed. 346, 142 C. C. A. 42, L. R. A. 1916C, 21; Pom. Eq. § 1048(e).

Steiner, Crum & Weil, of Montgomery, for appellee.

Where a bank to which paper is indorsed for collection makes collection before it makes an assignment, even though it be in fact insolvent, such bank simply becomes an ordinary contract creditor of the owner of the paper, and it cannot impress any trust character upon the proceeds. Michie on Banks & Banking, § 166, p. 1421; 7 C. J. 616; 146 Ga. 786, 92 S. E. 625, L. R. A. 1917F, 603; 1 Morse on Banks (5th Ed.) § 248; 146 Ky. 194, 142 S. W. 239, 38 L. R. A. (N. S.) 146; 95 Tenn. 579, 32 S. W. 626, 32 L. R. A. 715, 49 Am. St. Rep. 940; 210 Mass. 458, 97 N. E. 97; 76 N. Y. 376, 32 Am. Rep. 321. A court of equity will not impress a fund with a trust character, unless the beneficiary's fund is distinctly traced and distinguished. 195 Ala. 552, 70 South. 754; 104 Ala. 297, 16 South. 110; 180 Ala. 291, 60 South. 868; 95 Ala. 221, 11 South. 347; 100 Ala. 313, 13 South. 908.

ANDERSON, C. J. [1] It is well settled by the former decisions of this court that in order for these appellants to have ac-

quired and enforced a lien upon the funds in the hands of this appellee, as receiver of the insolvent bank, they must have traced and identified the money collected for them by the Merchants' Bank, as being on hand when this appellee took over the affairs of said bank, and proof that he received or took over a fund into which the appellants' money had been placed or with which it had been commingled will not suffice. Lummus Cotton Gin Co. v. Walker, 195 Ala. 552, 70 South. 754; Nixon State Bank v. First State Bank, 180 Ala. 291, 60 South. 868; Bank of Florence v. United States Savings & Loan Co., 104 Ala. 297, 16 South. 110.

[2] Counsel for the appellant do not question the soundness of the foregoing cases, but contend that the averment in paragraph 4 of his bill removes this claim from the influence of said cases, and that a lien should be fastened on the general balance on hand when appellee took over the assets of the bank, for the reason that there is an averment to the effect that the sum due appellants was never drawn out or exhausted, because the bank had on hand, at all times between the conversion and the time appellee received its assets, a sum of money in excess of appellants' claim; that its general account during this period exceeded the amount of appellants' claim, and presumptively their money, alleged to have been converted by the bank, had never been drawn out. We think that this claim is expressly refuted in the opinion in the case of Lummus Cotton Gin Co. v. Walker, 195 Ala. 552, 70 South. 754, wherein it is stated:

"There is no occasion for a particular discussion of appellant's claim that any funds, much or little, in the possession of the insolvent bank at the time appellee took over the affairs of the bank under the authority of the statute, should be charged with a specific trust for appellant's benefit on the ground that the money collected for appellant was to be found somewhere in those funds which at that time constituted a part of the general estate of the bank. That question has been foreclosed against appellant by the reason and authority of cases heretofore considered in this court"— citing, among others, the case of Bank of Florence v. United States Savings & Loan Co., 104 Ala. 297, 16 South. 110, which said last case deals with two of the leading cases relied upon by appellant, National Bank v. Insurance Co., 104 U. S. 54, 26 L. Ed. 658, and Hallett's Case, 13 Chancery Division, 696.

As stated in the opinion in the Lummus Cotton Gin Company Case, supra:

"That question has been foreclosed against appellant by the reason and authority of cases heretofore considered in this court."

True, the bill here avers a balance on hand during the interval in excess of appellants' claim, but this does not differentiate it in principle from the rule declared in the Lummus Case. There the appellant was

seeking to fasten a lien upon a portion of a general fund which it claimed contained its money. Here the appellants are seeking to fasten a lien upon a part of a general fund because it is made up in part by their funds collected by the insolvent bank.

There are quite a number of cases holding that a principal may subject funds to his lien when the agent commingles the same with his own, or when a bank places the same to the individual credit of the agent, and a few which conform to the appellants' contention; but the contrary rule, which requires identification and more than tracing the money into a common fund held by a bank or receiver for a number of claimants, has been followed by our court, and is supported by well-reasoned cases in other jurisdictions. This identical question has been recently decided by the Pennsylvania Court, Commonwealth v. Trademen's Trust Co., 250 Pa. 378, 95 Atl. 577, L. R. A. 1916C, 10, wherein the court after commenting on Knachbull v. Hallett, and other cases, said:

"These cases establish the general rule that where a trustee receives money from a cestui que trust and deposits it with his own account, and in his own name, to which account he subsequently adds and withdraws money, the cestui que trust may claim to the extent of his trust fund the lowest amount which was on deposit at any time during the continuance of the trust, regardless of the fact that the funds were commingled and increased or diminished from time to time. This rule is based on the theory that the trustee will not be presumed to have intended to commit a criminal act, and so long as there are funds of his own, though mixed with the trust funds, any withdrawal from the account will be considered as a withdrawal of his own money, and not that belonging to the trust, and it is only when the total amount is reduced below the amount of the trust, that this presumption is rebutted, because the circumstances preclude any other possibility. There appears to be no case in Pennsylvania where it has been decided by an appellate court that the above rule is the law of this state, nor is it necessary to decide here the precise question as to whether the rule should be applied in cases where the trustee is an individual and deposits money in his own bank account. The trustee here is a trust company authorized by statute to receive and handle funds of others and do a general banking business. In the conduct of this business it necessarily handled trust funds belonging to a large number of persons. These funds in the present case were deposited in a general account and in this way it became impossible to say to whom any particular part belonged. The case is distinguishable from that of an individual trustee who mixes the funds of a single cestui que trust with his own account. In such case it can readily be determined whether and to what extent he has appropriated the trust funds to his own use. On the other hand, when a trust company deposits in a common account funds belonging to various persons, it cannot be said that the mere fact of their being on deposit at all times sufficient to meet the claim of any particular customer of the bank entitled that customer to claim it as against other claimants whose money also went into the same account. Claimant could not trace title to any particular part of the deposits and his claim can therefore rise no higher than the claim of others whose money was deposited in the same general fund."

The present holding is supported in point by the case of Philadelphia National Bank v. Dowd (C. C.) 38 Fed. 172, 2 L. R. A. 480. See, also, Commercial Bank of Baltimore v. Davis, 115 N. C. 226, 20 S. E. 370.

The trial court did not err in sustaining the demurrer to appellants' bill, or petition, and the decree of the circuit court is affirmed.

Affirmed.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.

On Rehearing.

ANDERSON, C. J. We can add but little to the above quotation from the Pennsylvania Case, which is supported in point by the North Carolina and United States Court of Appeals cases, and is in line with previous utterances of this court. Nor are these cases in conflict with the leading case of National Bank v. Insurance Co., 104 U. S. 54, 26 L. Ed. 658, or even with the English Case of Knachbull v. Hallett, as interpreted by Justice Mathews in the former. Indeed, Chief Justice Brickell evidently realized that these cases were so unlike this one or the one considered in Florence Bank v. U. S. Savings Co., 104 Ala. 297, 16 South. 110, that he brushed them aside without comment. We may suggest, however, that a careful consideration of the case of National Bank v. Insurance Co., supra, will disclose that it is unlike the case in hand. There the agent of the insurance company, "Dillon," kept a deposit account with the bank for years as "agent," and the bank had knowledge that the funds so deposited by him, or a great portion thereof, belonged to the insurance company, and without even the assent of Dillon credited said deposit on a note it held against the wife of Dillon, thereby decreasing his deposit as agent so as to dishonor a check he sent the insurance company, and the court held the bank liable to the insurance company notwithstanding Dillon may have at different times previously deposited some of his individual funds to his account as agent. It was not a question of declaring a lien and giving a preference to the assets of an insolvent bank, nor was such the case in Hewitt v. Hayes, 205 Mass. 356, 91 N. E. 332, 137 Am. St. Rep. 448.

The application is overruled.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.