## SCREWS v. WILLIAMS, Superintendent of Banks.

5 Div. 205.

Supreme Court of Alabama.

May 16, 1935.

Jacob A. Walker, of Opelika, for appellant.

Powell & Powell, of Tuskegee, for appellee.

GARDNER, Justice.

The bill seeks a preferential payment from funds of the Bank of Tuskegee, the affairs of which are now in liquidation by the state superintendent of banks. The averments that at the time of the two deposits the bank was insolvent, with knowledge on the part of its officials and unknown to complainant, suffice to show that relation of debtor and creditor did not arise. Receiving the money under such circumstances would constitute a fraud on the depositor, and the title thereto would remain in him. The money is therefore held in trust, and the depositor's rights rest upon the matter of ownership, and he is permitted to follow and recover it either in its original or some substituted form. Woco Pep Co. v. Montgomery, 227 Ala. 261, 149 So. 692; Hanover National Bank v. Thomas, 217 Ala. 494, 117 So. 42, 45; J. Allen

Smith & Co. v. Montgomery, 209 Ala. 100, 95 So. 290; Robinson v. Williams, 229 Ala. 692, 159 So. 239, 241; Maryland Casualty Co. v. Williams, 229 Ala. 663, 159 So. 242.

But, as observed in Lusk Development & Improvement Co. v. Günther, 32 Wyo. 294, 232 P. 518, if the trust fund no longer exists, but has been dissipated, there remains nothing to be subject to the trust, and to determine its continued existence it must be made to appear that it is capable of ascertainment and identification. So long as that can be done, the money remains the property of the depositor, but when these means fail, the trust itself fails, and there would be no justification in taking the property of others in order to satisfy the claim arising out of such a trust. 39 Cyc. 531, 541, 551. But upon the question of ascertainment and identification, the authorities widely differ. See the helpful and exhaustive note found in 82 A. L. R., beginning at page 47, where numerous cases are collated with appropriate comments.

Authorities from other jurisdictions, however, need not be here reviewed, as those of our own appear to have settled all principles applicable to the instant case.

It should be observed at the outset that we are here concerned only with the question of pleading—the sufficiency of the bill as against the demurrer interposed thereto. And, in this connection, the general rule of pleading may well be kept in mind, that it is not sufficient to plead the existence of facts which prima facie or presumptively establish the ultimate fact, but the ultimate fact should be averred.

But in Sims v. Tigrett, 229 Ala. 486, 158 So. 326, was the observation that it may be sufficient if the ultimate fact is necessarily implied from the averments as made.

The above-noted general rule as to pleading was given recognition in Hanover National Bank v. Thomas, supra (a case similar in principle to that here presented), where the court stated: "And we might add, the case being on demurrer, the rules of good pleading required this much to appear by affirmative averments, and not by mere inference or intendment."

Upon the matter of identification, our decisions are to the effect that it will not suffice merely to show the trust fund in question has gone to augment the face value of the assets on hand, even to the amount of such funds. And that while such trust funds need not be "ear marked," so that the whole, or some definite portion thereof, may be assorted, separated, and withdrawn from the

commingled funds, yet it must appear that such trust fund, or a definite portion of the same, is to be identified as included in the funds on hand at the time they were taken over by the superintendent of banks, or in some specific property coming into his hands. Maryland Casualty Co. v. Williams, supra. "But when the misappropriated fund can be kept in view, traced, and ultimately located in some particular batch of money, it or its equivalent in value may be recovered by the wronged cestui que trust." Robinson v. Williams, supra.

■ Considering first the sufficiency of the original bill, some of the authorities relied upon by complainant lay stress upon the fact that the assets of the bank were augmented by the deposit [Salzburger v. Standard Oil Co., 173 Ga. 722, 161 S. E. 584, 84 A. L. R. 403; Widman v. Kellogg, 22 N. D. 396, 133 N. W. 1020, 39 L. R. A. (N. S.) 563], a theory at variance with our own decisions (Maryland Casualty Co. v. Williams, supra), and these authorities, together with that of Lusk Development & Improvement Co. v. Giinther, supra, also relied upon by complainant, give recognition to the principle of a presumption that a trustee who mingles trust funds with his own, and subsequently pays out a portion of the commingled fund, will be presumed to have paid the same from funds of his own, and retained the trust fund which did not belong to him. But, as applicable to a banking concern, this court, in J. Allen Smith & Co. v. Montgomery, 209 Ala. 100, 95 So. 290, declined to give assent to this theory and quoted approvingly from the Pennsylvania court (Commonwealth v. Tradesmen's Trust Co., 250 Pa. 378, 95 A. 577, L. R. A. 1916C, 10) holding to this effect.

■ For the tracing and identification of this trust fund, the bill as originally filed merely discloses the deposits in the insolvent bank on December 24 and December 27, 1932; that the bank closed its doors at the regular closing hour on December 31st, and that at the time the superintendent of banks took over the affairs of the bank (January 2, 1933) there was on hand in cash $8,312.50, and amounts due from banks $4,264.

Complainant lays stress in argument upon the short period of time from the dates of deposit to the closing the bank. But this is matter of evidentiary character only to be considered in connection with all the facts in the case (Robinson v. Williams, supra; 82 A. L. R. p. 93), touching the matter of probability that the fund has been paid out or been dissipated by the bank.

It thus appears that the original bill rests solely, in this respect, upon inference, which, as above noted, will not suffice in pleading, and upon theories of presumption not here obtaining. Demurrer to the original bill was properly sustained.

■ But complainant amended the bill by the addition of paragraph 7, wherein it is specifically averred that this trust money went into a specific fund—cash in the vault—and that said cash in the vault remained in the bank until its affairs were taken over by the superintendent of banks; that the superintendent took over this cash in the vault, including these deposits, and thus received the said sum deposited by complainant. These averments clearly meet the requirements of our decisions. The case of Hanover National Bank v. Thomas, 217 Ala. 494, 117 So. 42, 45, is conclusive to this effect. There the court said "that the claimant must go further and show, as averred here, that the claimant's property remained in the fund into which it had been traced, and, thus commingled, passed into the hands of the respondent."

■ These averments are of facts, and not mere conclusions, and must be held to meet the test of our decisions, for the rule of this state does not require that the funds be "ear marked," as previously observed. Defendant makes reference to the answer filed, along with the demurrer, as demonstrating the impracticability of the identification of these funds. But this appeal involves only the sufficiency of the bill's averments, and is to be determined without consideration of the allegations of the answer.

The demurrer to the bill as amended should have been overruled.

For this error, the decree is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.