189 So. 545

**SOUTHLAND INV. CO. v. COLLINS et al.**

**6 Div. 471.**

Supreme Court of Alabama.

June 1, 1939.

Erle Pettus, of Birmingham, for appellant.

H. A. Burns and A. L. King, both of Birmingham, for appellees.

BOULDIN, Justice.

This appeal involves a claim for preferential payment from the assets of an insolvent State Bank, in liquidation.

The agreed facts, in substance, are these:

Southland Investment Company, appellant, in consummation of a sale of corporate stock, sent by mail from Shreveport, Louisiana, on January 16, 1931, the certificates of stock with draft attached to Southside Bank in Birmingham, Alabama, with directions to collect the draft and deliver the stock to the Birmingham purchaser, and remit the proceeds to appellant.

The draft, $575, was collected and the stock delivered. On January 20th, the collecting bank undertook to remit by draft on Chase National Bank, New York. On the following day, January 21st, the Southside Bank failed, closed its doors, and was taken over by the State Superintendent of Banks for liquidation. The New York draft was never paid. Cash assets, approximately, $14,500, passed into the hands of the liquidating agent.

The assets of an insolvent bank in liquidation constitute a trust fund for the payment of its creditors, share and share alike.

One who claims the beneficial ownership of some portion of same has the burden of tracing his property into the hands of the liquidating agent. The basis of his claim is a property right. The theory is that the fund is still the property of the cestui que trust whether in its original or some substituted form. If so, and it is commingled with other funds, not also trust funds, equity will impress a trust upon the whole for the protection of the beneficial owner. 7 Am.Jur. p. 566, § 787.

It is not essential that the monies collected should be earmarked so as to be segregated from the commingled funds coming into the hands of the liquidating agent. But it is essential that the funds collected, or some ascertainable portion of same is still in the commingled fund, or traceable to some investment or other property coming to the hands of the liquidating agent. That such collection may have augmented the assets as a whole in the course of banking business will not suffice.

In this case it does not appear on what date the collection was made by the collecting bank. The time required for the transmission of the mail from Shreveport and delivery of same in Birmingham must needs have expired. This time, not shown, we may assume would postpone the collection to January 17th at the earliest. No presumption can be indulged that the remittance by draft on the New York Bank

was on the same day of the collection. For aught appearing the Southside Bank was open, for some days after making the collection, engaged in the regular business of receiving and paying out funds, making clearances in due course from day to day. The volume of such business does not appear nor does the character of banking business during this period. Whether the collection was in cash or by check cleared in usual course does not appear. We need not inquire here what effect this would have in solving the question before us.

Suffice to say, under the well settled rule in Alabama, appellant was unable to trace its funds, nor any definite portion of same, into the cash on hand when the bank closed, nor any other asset coming to the hands of the liquidating agent. Screws v. Williams, Superintendent of Banks, 230 Ala. 392, 161 So. 453; Robinson v. Williams, Superintendent of Banks, 229 Ala. 692, 159 So. 239; Maryland Casualty Co. v. Williams, Superintendent of Banks, 229 Ala. 663, 159 So. 242; J. Allen Smith & Co. v. Montgomery, State Superintendent of Banks, 209 Ala. 100, 95 So. 290; Hanover Nat. Bank of New York v. Thomas, State Superintendent of Banks, 217 Ala. 494, 117 So. 42; Lummus Cotton Gin Co. v. Walker, Superintendent, 195 Ala. 552, 70 So. 754; Bank of Florence v. United States Savings & Loan Co., 104 Ala. 297, 16 So. 110.

This, in substance, is the majority rule. 7 Am.Jur. p. 566, § 788.

The decree of the trial court is without error.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.